MILLIAN H. WILDER, plaintiff in error *vs.* THE STATE OF GEORGIA, defendant in error.

Where an indictment charges the defendant with buying up an order on the county, he being the county treasurer, for less than its par value, either by himself or his agents, directly or indirectly, the offense is sufficiently set forth. (R.)

A county treasurer, being indicted for the offense of buying up an order on the county for less than its par value, cannot show in defense that the person from whom he purchased did not have a good title to the order. (R.)

Criminal law.   Motion in arrest.   Before Judge STROZIER. Dougherty Superior Court.   June Term, 1872.

For the facts of this case, see the decision.

VASON & DAVIS, for plaintiff in error.

JOHN C. RUTHERFORD, Solicitor General, for the State.

WARNER, Chief Justice.

The defendant was indicted for a misdemeanor, for a violation of the 599th and 600th sections of the Code, as County Treasurer of Dougherty county. The indictment charged the defendant, as county treasurer, with buying up a certain county order, the same being an order upon the county treasurer of said county, which is described and set forth. The order is, that the county treasurer pay to Henry Morgan, Judge of the Senatorial District Court, the sum of $166 50 out of any money in his hands, not otherwise appropriated, as his salary for the first quarter of the year 1871, as Judge aforesaid, and signed by the Ordinary. It is also alleged, that the defendant did buy up from one Kemp, said order for less than its full par value, (to-wit:) for the sum of $45 00, contrary to the laws of the State, etc. After the defendant was arraigned, and pleaded not guilty to the indictment, he made a motion to quash it, on the ground that no violation of the law was charged against the defendant, and if so, that the offense was improperly charged and set forth. The motion to quash the indictment was overruled by the Court, and in our judgment, properly overruled. After having pleaded not guilty, the defendant could not move to quash the indictment upon any ground that would not have been good in arrest of judgment. The offense was substantially set forth in the language of the Code and was a good indictment.

The evidence on the trial was, that Morgan had borrowed $20 00 of the defendant, and promised to place in his hands the order, as collateral security, but did not do so, and afterwards borrowed $40 00 from Kemp and placed the order in his hands as collateral security, with the understanding that if he did not pay the $40 00 in ten days, the order was to belong to Kemp—the money was not paid within the time, and Kemp proposed to sell the order to defendant for $45 00, told him in that way he could secure the $20 00 he had loaned Morgan; defendant agreed to it, paid Kemp $45 00 and took

the order and receipted payment thereof 22d May, 1871. The Court charged the jury, in substance, that if they were satisfied that the defendant paid for the order a less sum of money than it called for upon its face, which is the par value thereof, and he was county treasurer at the time, then he is guilty, and it made no difference whether he had any county funds in his hands at the time or not, he could not thus purchase it with his own money, that the charge is made out, when it is proved that while acting as county treasurer, he paid for it less than its par value. We find no error in the charge of the Court to the jury. The offense, under the law, consists in a county treasurer buying up orders or claims on the county for less than their par value, either by himself or agents, directly or indirectly, and it is no defense for the defendant to show that the party from whom he purchased the order did not have a good title to it. The verdict was right under the law and facts of the case, and we will not disturb it.

Let the judgment of the Court below be affirmed.