FREEMAN *v.* COLEMAN, RAY & COMPANY.

| 88　421|
|125　48|

1. There being evidence tending to show that the claimant was
present when a prior mortgage was executed on the same property,
and that she then recognized the property as belonging to the
mortgagor, it was not error to admit that mortgage in evidence
for the purpose of showing that it covered the property now in
controversy.
2. The only evidence of consent by a married woman to the mort-
gaging of the property in order to secure the debt in question,
being that she consented to a mortgage dated the 21st of February,
1888, which was executed prior to the one now sought to be en-
forced, a request to charge the jury that a married woman cannot
consent to mortgage her property to secure the debt of another
person, was complied with by charging that if she consented to
the execution of the mortgage of the 21st of February, 1888, that
cannot be held to bind her as to the second mortgage; and there
being no evidence that she consented to the second mortgage, a
charge on that subject would be inapplicable to the facts.
3. There being no request to instruct the jury as to the rules by
which to test the credibility of witnesses, the omission of such in-
struction is not cause for a new trial.
4. Where during the pendency of a claim case an office paper con-
nected with the case, such as the mortgage *fi. fa.*, has been lost,
and the loss is discovered whilst the trial is in progress, the court
may suspend the trial and allow a copy to be established *instanter.*
That the copy was called an *alias* makes no difference.
5. On discovery of the original *fi. fa.* after the trial had terminated,
it is no cause for a new trial that the copy established was not
in all respects an accurate copy of the original.
6. The evidence warranted the verdict.　　*Judgment affirmed.*
February 15, 1892.

Claim. Mortgage. Evidence. Married women.
Charge of court. Practice. Verdict. Before Judge
JENKINS. Jones superior court. October adjourned
term, 1889.

A mortgage *fi. fa.* in favor of Coleman, Ray & Company against A. H. Wyche was levied upon " one black mare-mule six years old named Pigeon," and "one black mare-mule seven years old named Pet," which were claimed by Mrs. Freeman. Upon the trial the jury found the property subject. Mrs. Freeman's motion for a new trial was overruled, and she excepted. In addition to the grounds that the verdict was contrary to law, evidence, etc., the motion contained the following special grounds:

1. Error in admitting a mortgage dated February 21, 1888, over the objection of claimant that it was in no wise connected with the issue in this case, and that the execution of it in her presence and by her consent did not bind her as to the mortgage sued on.

2. Error in refusing to charge: "A married woman cannot become the security for anybody, and this is true whether she seek to become the security by signing her name to a note, or by consenting for another person to pledge or mortgage her property for his benefit. And if you should believe from the evidence that Mrs. Freeman is and was a married woman at the time of the execution of the mortgage, and that the property mortgaged was her property, and that the debt was the debt of her brother and not hers, then she could not consent to the mortgage, and if you so believe you will find for the claimant. A married woman cannot consent to mortgage her property to secure the [debt] of another person."

3. Error in failing to give the jury any rules by which to determine the credibility of the witnesses, this being a case where the same were applicable and necessary to enable the jury to find the truth.

4. Error in permitting the establishment of an *alias fi. fa.* in lieu of the original mortgage *fi. fa.* in this case, under the following circumstances : The case was called

in its order and parties announced ready.   The jury was stricken and the case opened.   Plaintiff tendered a certified copy of the *fi. fa.*, stating that the original was lost. The same was objected to, on the ground that a *fi. fa.* could not be established in that way, but that an *alias* must be established.   The objection was sustained, and the court suspended the case and allowed plaintiff to prepare and present pleading to establish an *alias fi. fa.*; all of which was done over the objection of claimant, who insisted that the case should proceed.   And it is further alleged as error that the court admitted the *fi. fa.* thus established over the objection of claimant on the ground that the case (?) was or had not been properly established.    The proceedings to establish the *alias fi. fa.* were as follows :   A petition of plaintiffs alleging that a mortgage *fi. fa.* issued from the superior court on a certain day and for a certain sum against defendant, that the original *fi. fa.* had been lost and could not be found after diligent search therefor, and that the original *fi. fa.* was an office paper and was in the clerk's office at the preceding term of the court ; wherefore an order was prayed, establishing a copy of the mortgage *fi. fa.* with the entries of levy, etc., as appeared upon the original *fi. fa.*, "and that the attached copy is substantially a correct copy of said original mortgage *fi. fa.* with the entries thereon."   This petition was supported by affidavit of Birch to the effect that the facts set forth in the petition were true, and the copy mortgage *fi. fa.* attached was a true copy of the original *fi. fa.* and "interest" (?) as appeared thereon.   Attached was what purported to be a copy of the *fi. fa.* and entries thereon.    The judge's order was, that upon hearing this petition and evidence sustaining the same, it was ordered "that the within mortgage *fi. fa.*" be established in lieu of the original *fi. fa.* so lost.

5.  In an amendment to the motion it was alleged that

since the adjournment of the court the original *fi. fa.* had been found, and was materially different from the *alias* allowed by the court, and movant offered this material difference as an additional ground for setting aside the verdict, because the recovery on the *alias* was not a recovery on the *fi. fa.* issued by the clerk on the foreclosure, and the debt enforced by the finding is not the enforcement of the mortgage debt. The differences alleged were, that the original *fi. fa.* was for $13.86, interest to January 30, 1889, when the *alias* was for that amount, interest to February 2, 1889 ; that the original was for $693.80, and the *alias* for $693 ; that the original described the growing crops as on his lands in Jones county where he cultivated, and the *alias* describes crops "now up and growing on my [the mortgagor's] land in Jones county, which I am now cultivating."

The mortgage foreclosed was dated June 1, 1888, and was given by Wyche to Coleman, Ray & Company, upon the mules mentioned above and other property, to secure an indebtedness of two notes and a draft dated February 21, 1888, and due respectively October 1, October 15, and November 1, 1888, for $96, $300 and $244.45, and a draft for $53.25 dated April 19, 1888, and due September 25, 1888. The mortgage of February 21, 1888, was by Wyche to Coleman, Ray & Company, upon the mules and certain other property, to secure an indebtedness of $640.55, being apparently the same indebtedness as that mentioned in the mortgage of June 1st, except the draft for $53.25. In addition to the mortgages the plaintiffs in *fi. fa.* introduced the two notes and draft first mentioned, which were signed by Wyche, Mrs. Freeman and Mrs. Wyche ; and in connection introduced evidence that the claimant was present when the mortgage of February 21, 1888, was drawn and signed ; that one of plaintiffs, Birch, had drawn a mortgage for claimant to sign, but she objected, saying that Wyche must mortgage

his own property; that the advances were made to the claimant, and would not have been made to Wyche except on her signature; that the supplies were shipped to Wyche; that when the proceeds of the draft were counted to Wyche he handed the money to the claimant and said, "Here is your money"; that claimant first approached this one of plaintiffs to get the loan and advances, and he thought none of the property was hers and that she would make Wyche pay was why he wanted her to sign the notes; that he had heard that she had a husband about town, but was under the impression that she was divorced; that she did not claim any of the property described in the mortgage of February 21st, but stated that "Boisey" (presumably defendant Wyche) had property of his own, and for plaintiff to take a mortgage on it, and he did so, destroying the one he had drawn on her property; that Wyche then, in her presence, described this as his property, and the mortgage was written; and that she did not intimate it was her property. The evidence for claimant upon this subject was, that the property in question belonged to her, and had been bought by her in 1886; that she was and is a married woman, and plaintiff knew this fact when the mortgage and notes of February 21 were made; that she was security for Wyche, and informed Coleman & Ray that the property mortgaged was hers; that she asked Ray if she should sign the mortgage, and he said it was not necessary; that the money was handed to her, but she did not use it; that it was for Wyche and he used it all; that she was present when the mortgage of February 21st was drawn and saw Wyche sign it, etc.

RICHARD JOHNSON and R. L. BERNER, by HARRISON & PEEPLES, for plaintiff in error.

R. V. HARDEMAN and HARDEMAN, DAVIS & TURNER, *contra*.