### 47100. ROBERTSON v. THE STATE.

PANNELL, Judge. The defendant was indicted, tried and convicted of two offenses, one of conspiring to commit the crime of possession of marijuana, and the other of the crime of possession of marijuana. His motion for new trial was overruled and he appealed to this court, enumerating as error the overruling of his motion for new trial and other matters occurring during the trial. *Held:*

1. A special demurrer to an indictment, filed after arraignment and plea of not guilty, comes too late (*Code* § 27-1501; *Thomasson v. State,* 22 Ga. 499 (1); *Gilmore v. State,* 118 Ga. 299 (1) (45 SE 226)) where the special demurrer is upon a ground not good in motion in arrest of judgment. *Wilder v. State,* 47 Ga. 522.

2. The general demurrer to the indictment on the ground that it does not negative the exceptions contained in

Title 79A of the Code, relating to the offenses charged, is without merit, as § 79A-1105 specifically provides that neither negativing such exceptions in the indictment, nor proof thereof is required of the State.

3. Where testimony of a witness for the State is objected to on the ground that he has not been qualified as an expert, and the objection is overruled, and later the defendant's attorney, on cross examination, sufficiently qualifies the witness as an expert in reference to the matters testified about, the overruling of the objection, if error originally, is thus made harmless.

4. The following question was asked and the following answer given on cross examination of a State's witness: "Q. Well, how did you assume then that Mr. Robertson owned it? A. Due to the fact that from the information we had received that he was doing . . . ," at which point the defendant's attorney moved for a mistrial on the ground that the witness kept injecting hearsay evidence into the case. The answer was responsive to the question asked and for that reason alone was not ground for a motion for mistrial.

5. The trial judge did not abuse his discretion in permitting counsel for a sequestered State's witness (under indictment in connection with the same transaction as that on trial) to confer with the witness relative to her testifying without claiming her constitutional rights under the Fifth Amendment to the Constitution of the United States, or in permitting her to testify.

6. The State's exhibits were properly identified and were sufficiently accounted for from the time they were picked up at the scene of the alleged crime until they were presented to the court as the State's exhibits, including the exhibits sent to the State Crime Laboratory.

7. During a recess of the court the following colloquy occurred between the court and counsel for the defendant: "The Court: I am directing you not to ask that or make any reference to the disposition of those other cases. It has no part in this case and trial and I am directing the

defendant not to do that and I am directing you and the other lawyers representing the defendant not to do it, directly or indirectly. Counsel: Is Your Honor directing that we can't introduce certified copies of the sentence that go to the credibility of the witnesses if they are called as a witness? The Court: I certainly am. I will let you ask if they pled guilty but you can't go beyond that. Counsel: All right, sir." Error is enumerated on this action of the trial judge as follows: "The court erred in refusing to allow movant to introduce certified copies of conviction of two State witnesses which would have gone to their credibility." It not appearing from the record that the "two State witnesses" involved testified in the case, or that when the court reconvened the certified copies of conviction were tendered in evidence, the error, if any, is not shown to be harmful to the defendant.

8. The failure to charge as to credibility of witnesses in absence of a request therefor, is not ground for a new trial. *Freeman v. Coleman, Ray & Co.,* 88 Ga. 421 (3) (14 SE 551); *Lewis v. State,* 129 Ga. 731 (3) (59 SE 782); *Pope v. State,* 28 Ga. App. 568 (1) (112 SE 169).

9. There was no error in failing, without request, to charge the definition of crime contained in *Code Ann.* § 26-601. See in this connection, *McLendon v. State,* 14 Ga. App. 737 (3) (82 SE 317); *Bennett v. State,* 49 Ga. App. 804 (4) (176 SE 148); *Tucker v. State,* 94 Ga. App. 468 (95 SE2d 296); *Turpin v. State,* 121 Ga. App. 294 (2) (173 SE2d 455).

10. "If two or more embark in a common enterprise, the acts and declaration of each of the confederates, made or done in pursuance of the preconcerted agreement or understanding, are evidence against the other; and whenever enough of evidence is given in, as will conduce to prove a prima facie case of concurrent or joint action, the whole transaction should be submitted to the jury." *Tompkins v. State,* 17 Ga. 356 (1). "Conspiracy, or common intent, may be established by proof of acts and conduct as well as of previous express agreement." *Davis*

*v. State,* 114 Ga. 104, 107 (39 SE 906). The evidence was sufficient to authorize the conviction of the defendant of the charge of conspiring to commit the crime of possession of marijuana and of the crime of possession of marijuana.

11. The enumerations of error, not herein specifically dealt with, are without merit either because no error was shown, or, the error, if shown, was harmless; and there being no reversible error otherwise shown, the judgment is affirmed.

*Judgment affirmed. Hall, P. J., and Quillian, J., concur.*
SUBMITTED APRIL 10, 1972—DECIDED SEPTEMBER 5, 1972.

*Nicholson & Fleming, John Fleming,* for appellant.