## 47536. GORDON v. THE STATE.

EBERHARDT, Presiding Judge. Grady Gordon was indicted, convicted and sentenced for possession of heroin. At the trial he made an unsworn statement, claiming that the arresting detectives put the heroin in his pocket and were framing him. On this appeal defendant's only contention is that the court erred in failing to charge the jury with respect to the exceptions contained in the Uniform Narcotic Drug Act and in charging the jury that it was not necessary for the State to negate any exception, proviso or exemption of the Act. *Held:*

At the trial there was no issue raised and no evidence in-

troduced as to defendant qualifying under any of the exceptions to the Act, the only defense being that he was "framed," and there was no error in failing to charge the exceptions. *Vaughn v. State,* 126 Ga. App. 252 (13) (190 SE2d 609); *Kitchens v. State,* 228 Ga. 624 (2) (187 SE2d 268). Nor was it error for the trial court to charge that it was not necessary for the State to negate exceptions to the Act. *Code Ann.* §§ 79A-1105, 26-401 (a); *Robertson v. State,* 127 Ga. App. 6. Moreover, defendant made no request to charge as to the exceptions. *Stevens v. State,* 228 Ga. 621 (3) (187 SE2d 281). Even if he had done so, it does not appear that a refusal of the request would have been error.

*Judgment affirmed. Deen and Clark, JJ., concur.*
SUBMITTED OCTOBER 5, 1972—DECIDED OCTOBER 13, 1972.

*Glenn Zell,* for appellant.
*Lewis R. Slaton, District Attorney, Joel M. Feldman, Ross C. Hawkins,* for appellee.