## 27805. GRIFFIN v. THE STATE.

ARGUED MARCH 13, 1973 — DECIDED APRIL 13, 1973.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Carter Goode, Morris H. Rosenberg, James H. Mobley, Jr., Dennis S. Mackin, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Assistant Attorney General, David J. Bailey,* for appellee.

GRICE, Presiding Justice. The appellant, Eugene Powell Griffin, was indicted by the Grand Jury of Fulton County with James Allen Phillips for murder in that he shot and killed Harold Nelson Toole. Griffin was tried separately, was convicted and was sentenced to life imprisonment. He has appealed from his conviction and sentence and from the denial of his motion for a new trial as amended. This motion asserted, insofar as necessary to state here, the general grounds.

Enumerated as error in this appeal are essentially: (1) the overruling of the motion for new trial as amended; (2) failing to charge the jury the law of alibi; (3) and charging the jury that intent ". . . may be presumed when it is the natural and necessary consequence of an act," in conflict with Code Ann. § 26-605.

■ The evidence amply supported the verdict of guilty, and therefore the enumeration complaining of the denial of the motion for new trial as amended is without merit.

From the voluminous transcript of the evidence the salient events which provide this support may be epitomized as follows.

On the night of July 27, 1971, the deceased, 20-year-old Nelson Toole, and Valencia Morton, his companion, were seated in a parked automobile when two masked men

suddenly attacked them. One pulled her into the parking lot. He tied her hands and forced her to the ground and kept her there. The other pulled Toole behind the automobile. A shot was fired and the two men fled. The girl got up and saw Toole lying face down in his own blood. A policeman heard the shot, ran to the scene but did not see anyone running away.

Upon examination of the body a pathologist testified that death was caused by a wound inflicted by a .32 caliber revolver.

According to Calvin Arnold and Lloyd White, two friends of the girl's mother, approximately two weeks before the homicide the appellant Griffin in a conversation referred to Toole and said "I ought to rob that nigger." They also testified that soon after the murder they again talked with Griffin, who said to them, "I wouldn't have had to kill that little nigger, man, but . . . he tried to hurt me, man, and I am not going to let nobody hurt me." Griffin also told them he would kill them if anybody said anything about the conversation.

Charles Mack Seaborn, a friend of the appellant Griffin's, testified that on the night of the murder, he, his brother-in-law, Griffin and the co-indictee Phillips were at Griffin's home and that Griffin and Phillips were discussing Toole's carrying large quantities of money, stating that they were going to "try to get him, try to get the money"; and that they had previously tried but "they missed him or something to that effect." When he left, Griffin and Phillips were changing into dark clothes and he saw Griffin putting an orange and maroon ski mask, a .32 caliber revolver and some gloves into a bag.

The remarks made by the appellant to the witnesses Arnold and White were not a confession, but merely incriminating statements. Thus Code § 38-420, which requires that a confession be corroborated, is not applicable here as contended.

We conclude therefore that the foregoing evidence was

sufficient to establish the appellant's guilt.

■ The enumeration complaining of failure to charge the law of alibi is improperly before this court.

This question was not raised either in the appellant's motion for new trial or his amended motion for new trial, and the record shows that no objection was made at the conclusion of the trial court's charge to the jury.

"Enumerated errors which attempt to raise for the first time questions which were not raised in the trial court present nothing for decision. See *Watson v. State,* 227 Ga. 698, 699 (182 SE2d 446) and cit.; *Patterson v. State,* 228 Ga. 389, 390 (185 SE2d 762) and cit." *Stevens v. State,* 228 Ga. 621 (1) (187 SE2d 281).

Accordingly, this enumeration is not maintainable.

■ The final enumeration is that the trial court erred in charging that intent "may be presumed when it is the natural and necessary consequence of an act." It is contended that this is in conflict with Code Ann. § 26-605, and that therefore it is a misstatement of the law, highly prejudicial, and relieves the state from proving intent beyond a reasonable doubt.

This contention is not valid.

Code Ann. § 26-605 provides: "A person will not be presumed to act with criminal intention, but the trier of facts may find such intention upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted." (Ga. L. 1968, pp. 1249, 1269).

The charge given here was as follows: "In every crime, ladies and gentlemen, intention is a material element and I charge you that intent may be shown in many ways provided you, the jury, believe that it existed from the proven facts before you. *It may be inferred from the proven circumstances or by acts and conduct, or it may be presumed when it is the natural and necessary consequence of an act."* (Emphasis supplied.)

Both of our appellate courts have considered similar

language and approved it.

In *Buttram v. State,* 121 Ga. App. 186 (3) (173 SE2d 272), the charge which was given was as follows: "In the crime charged in this bill of indictment intent is a material element. The law says that intent may be shown in many ways provided the jury believed that it existed from the facts proven before them. *That it may be inferred from proven circumstances, or by acts and conduct, or it may be presumed when it is the natural and necessary consequence of an act.*" (Emphasis supplied.) The Court of Appeals held that "The import of this section of the charge is that the natural and necessary consequences of one's acts or conduct may be presumed to have been intended. There was no error. [Cit.]." See also, *Bloodworth v. State,* 128 Ga. App. (Case No. 47996, reh. d. March 30, 1973).

This court in *Daniels v. State,* 230 Ga. 126, had before it a complaint that the trial court erred in failing to charge Code Ann. § 26-605 without request. We held that the trial court fully charged the jury on the law of intent and it was not necessary that he give the exact language of the Code.

The record in the *Daniels* case shows that the trial court there charged as follows: "Intent may be shown in many ways provided you, the jury, believe it existed from the proven facts before you. *It may be inferred from the proven circumstances or by acts and conduct, or it may be presumed when it is the natural and necessary consequence of an act.*" (Emphasis supplied.)

Thus the charge complained of here, although it was indirectly ruled upon, when considered by this court was approved as a proper statement of the law.

See also, *Phillips v. State,* 230 Ga. 444, and *Pittman v. State,* 230 Ga. 448, wherein this language is expressly upheld.

We find no error in any of the enumerations.

*Judgment affirmed. All the Justices concur.*