## 27801. PITTMAN v. THE STATE.

JORDAN, Justice. Robert Pittman was convicted and sentenced on four counts of armed robbery.

Counsel in his brief limits the appeal to a consideration of whether the trial judge committed reversible error in his instructions on intent. The complete instructions as given in this respect are as follows: "I charge you,

that an intent to commit a theft is a material element to any robbery, armed or otherwise, and I charge you that intent may be shown in many ways, provided you, the jury, find that it existed from the facts proven to you. Intent may be inferred from proven circumstances, proven acts or proven conduct and intent may be inferred when the natural and necessary consequences of proven acts or proven conduct."

It is insisted that the second sentence of the above is in conflict with Code Ann. § 26-605, and that it is highly prejudicial and misleading, that it misstates the law, that it relieves the State of proving intent beyond a reasonable doubt (despite other correct instructions on the burden of proof), and that it deprives the defendant of a fair trial. *Held:*

We have ruled adversely to this contention in *Phillips v. State,* 230 Ga. 444, wherein we held that such language in an identical charge is not in conflict with Code Ann. § 26-605.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 13, 1973 — DECIDED APRIL 13, 1973.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, James H. Mobley, Jr., Morris H. Rosenberg, Dennis S. Mackin, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Assistant Attorney General, B. Dean Grindle, Jr.,* for appellee.