## 48037. MURPHY v. THE STATE.

Hall, Presiding Judge. The defendant appeals from his conviction for three counts of violating the Uniform Narcotic Drug Act and from the denial of his motion for a new trial. With a minor

exception, the court set the sentences to run consecutively, so that the total sentence is fifteen years.

1. Defendant contends the court erred in charging that he was not authorized to sell a narcotic drug; that as this statement was both a factual conclusion and an expression of opinion, it was clearly outside the court's province and highly prejudicial. However, the defendant neither made an issue nor submitted any evidence that he might come within some exception to the Act (e. g, licensed manufacturer, physician, pharmacist, etc.). His defenses were denial of any participation and entrapment. The fact of unauthorized sale stands both uncontested and uncontradicted and therefore the evidence demanded that finding and the charge was not error. *Green v. State,* 129 Ga. App. 27; *Bloodworth v. State,* 128 Ga. App. 657; *Morton v. State,* 190 Ga. 792 (10 SE2d 836). We cannot agree that it was a prejudicial expression of opinion or tantamount to the direction of a verdict as defendant contends.

2. Defendant contends the court erred in its charge on intent, specifically that part which states that intent "may be presumed when it is the natural and necessary consequence of an act." He contends that while it may have been correct under previous case law, section 26-605 of the new Criminal Code had invalidated any presumptions regarding intent. This point has recently been decided by the Supreme Court in *Griffin v. State,* 230 Ga. 449, which upheld a similar charge. See also *Bloodworth v. State,* supra.

3. Defendant further contends that the court abused its discretion in allowing the sentences to run consecutively because not only were the three sales (on three different dates within three weeks) merely one continuing offense; but also, if the police are allowed to accumulate separate offenses for tactical reasons, this creates an unreasonable pressure on a defendant to plead guilty under the threat of consecutive sentences. This point has been decided adversely in *Johnson v. State,* 128 Ga. App. 69 (195 SE2d 676) and *Bloodworth v. State,* supra. See also Hoffa v. United States, 385 U. S. 293 (87 S C 408, 17 LE2d 374).

*Judgment affirmed. Evans and Clark, JJ., concur.*

SUBMITTED APRIL 4, 1973 — DECIDED APRIL 27, 1973.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Carter Goode, Dennis S. Mackin, Morris H. Rosenberg,* for appellee.