## 48012. BLOODWORTH v. THE STATE.

EBERHARDT, Presiding Judge. Defendant was indicted, tried and convicted of selling heroin and appeals to this court. *Held:*

1. The court charged the jury: "Now, the offense charged in this indictment is a violation of the Uniform Narcotic Drug Act, and this Act provides in part as follows—that it shall be unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense or compound any narcotic drug except as authorized in this chapter. In that connection I charge you that heroin is a narcotic drug within the meaning of that Act, and I charge you that under that Act certain persons such as physicians or a pharmacist are authorized to prescribe and dispense narcotics, but I charge you, however, that an individual such as the defendant upon trial is not authorized to sell or dispense heroin."

Defendant complains that the court erred in charging the jury that he did not fit under any of the exceptions to the Uniform Narcotic Drug Act. This enumeration is without merit. At the trial there was no issue raised and no evidence introduced as to defendant qualifying under any of the exceptions to the Act, defendant himself stating that he worked at 170 Elm Street where he was a "presser at the pressing club." The only defenses raised were a general denial of selling, and the inconsistent defense of entrapment. "At the trial there was no issue raised and no evidence introduced as to defendant qualifying under any of the exceptions to the Act, the only defense being that he was 'framed,' and there was no error in failing to charge the exceptions. *Vaughn v. State,* 126 Ga. App. 252 (13) (190 SE2d 609); *Kitchens v. State,* 228 Ga. 624 (2) (187 SE2d 268). Nor was it error for the trial court to charge that it was not necessary for the State to negate exceptions to the Act. Code Ann. §§ 79A-1105, 26-401 (a); *Robertson v. State,* 127 Ga. App. 6 (192 SE2d 502)." *Gordon v. State,* 127 Ga. App. 308 (193 SE2d 255).

We see no difference in the situations where the judge fails to charge the exceptions, and where he charges them and instructs the jury that defendant does not fit within them. The effect in both instances is to remove from jury consideration the question of whether defendant is authorized to sell drugs. Since in the instant case there was no issue raised and no evidence introduced as to qualification under the exceptions, and defendant stated that he was a clothes presser, *Gordon v. State,* 127 Ga. App. 308, supra, *Bloodworth v. State,* 128 Ga. App. 657 (1) and *Murphy v.*

*State,* 129 Ga. App. 28, are dispositive of the issue here. See also *Morton v. State,* 190 Ga. 792, 801 (10 SE2d 836); *Pruitt v. State,* 36 Ga. App. 736 (138 SE 251); *Lastinger v. State,* 58 Ga. App. 369 (198 SE 559).

2. Defendant enumerates as error the following portion of the charge: "Intent may be shown in many ways provided you, the jury, believe it existed from the proven facts before you. It may be inferred from the proven circumstances or by acts and conduct or it may be presumed when it is the natural and necessary consequence of an act." It is contended that this charge is error because contrary to the provisions of Code Ann. § 26-605 that "A person will not be presumed to act with criminal intention, but the trier of facts may find such intention upon consideration of the words, conduct, demeanor, motive and all other circumstances connected with the act for which the accused is prosecuted." This issue has been decided adversely to the defendant. *Griffin v. State,* 230 Ga. 449 (3). Accord: *Pittman v. State,* 230 Ga. 448; *Phillips v. State,* 230 Ga. 444 (2); *Bloodworth v. State,* 128 Ga. App. 657 (1), supra; *Murphy v. State,* 129 Ga. App. 28 (2), supra.

*Judgment affirmed. Pannell and Stolz, JJ., concur.*

ARGUED APRIL 9, 1973 — DECIDED MAY 3, 1973.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Carter Goode, James H. Mobley, Jr., Morris H. Rosenberg, Thomas W. Hayes,* for appellee.