## 29179. WILSON v. THE STATE.

JORDAN, Justice.

This appeal is from a conviction of murder in the Superior Court of Clinch County. The appellant was tried by a jury on November 14, 1973, was found guilty, and was sentenced to life imprisonment. The appellant contends generally that the verdict was unsupported by the evidence, and that certain charges made to the jury were erroneous.

Appellant was having domestic problems with his wife during the weeks preceding the homicide, and found her at the home of the victim on at least two occasions. On one such occasion, he found her in a partially undressed state. On the day of the killing, appellant went to the home of the victim in search of his wife. Unknown to appellant, his wife was secreted behind the house. Heated words were exchanged, and appellant drove away, followed by the victim. About a mile down the road the vehicles were stopped at which time appellant delivered a fatal wound to the victim with a pocket knife.

The only eywitness for the state testified that he was at the victim's home during the verbal exchanges. The witness heard appellant challenge the victim to a physical confrontation, to take place at Kings Creek, about a mile down the road from the victim's house. The witness stated that appellant departed in his truck and that the victim followed in his own truck. The witness waited a minute or more and followed, coming upon the two trucks, now parked on opposite shoulders of the road a mile or so down the road. At that point he saw appellant leave his own

truck, approach the victim's truck, open the door, make two or three thrusting motions with his arm, close the door, run to his own truck, and drive away from the scene. The witness approached the victim's truck and was asked to drive him to the hospital. While moving the victim to the passenger side of the vehicle, the witness saw a cut on the victim's chest.

The witness testified that he did not see either the appellant or the victim with a knife, and from his viewpoint, was unable to see the hands of the victim when the knifing took place; he never saw the victim leave his truck. A nurse at the hospital found a closed pocket knife in one of the victim's pockets.

Appellant's testimony may be summarized as follows: The victim issued a verbal challenge to fight, whereupon appellant left the house. The victim pursued. Both trucks stopped and both men got out of their trucks. Upon seeing that the victim was armed with a knife, he drew his own knife. The victim made the first threatening gestures, and in the ensuing scuffle appellant swung at the victim, but did not know if he wounded him. He returned to his truck and left the scene.

1. The appellant contends that the trial court erred in denying his motion for new trial on the basis of newly discovered evidence which tended to show that one of the jurors was prejudiced against the appellant. This was presented to the court in the form of an affidavit by a local businessman who stated that a week after the trial he heard the juror say that he (the juror) knew that appellant was guilty before the trial started. There was no other evidence of any kind on this question. Since a juror cannot impeach his verdict, Code § 110-109, the court did not abuse its discretion in denying the motion for new trial on the basis of hearsay which suggested that a juror was impeaching the integrity of his verdict.

2. The appellant contends that the trial court erred in not granting his timely motion for mistrial. The following question was asked of appellant in the presence of the jury:

"Did you not . . . steal the tires off of that truck." Appellant responded: "No, Sir." The jury was excused and appellant made his motion for mistrial on the theory that

the state placed appellant's character in evidence, and that evidence of another crime was irrelevant and prejudicial.

When the jury returned, the judge gave the following instruction: "All right, ladies and gentlemen of the jury, a statement was just made prior to your being sent out in reference to some tires. You will disregard that statement, and the attorneys were instructed not to pursue that line of questioning. That has nothing to do with the case. There was no foundation for asking the question. There was no basis, so you would disregard the question in its entirety." We are of the opinion that in light of the appellant's exculpatory remark which terminated the state's inquiry, and the judge's instruction, if any damage was done to appellant's case, it was sufficiently corrected. See *Callahan v. State,* 209 Ga. 211 (1) (71 SE2d 86).

3. Appellant contends that the court erred in allowing the director of the funeral home where the victim was carried to testify about a stab wound on the leg of the victim on the ground that he was not properly qualified as an expert. In response to an inquiry about the wound the witness' entire statement was that "the leg wound was shallow." He gave no opinion about the effect of such a wound, but simply stated that fact.

This description of what the witness knew of his own personal knowledge was admissible into evidence. This enumeration is without merit.

4. Appellant asserts error on the court's charge to the effect that the law presumes every homicide to be felonious until the contrary appears from circumstances of alleviation or excuse or justification shown by the defendant to the satisfaction of the jury on the basis that such charge shifted the burden of proof to the defendant. There was direct evidence to show an intentional killing by the defendant and under the facts of this case such charge was not error. We approved a similar charge under such facts in *Hewell v. State,* 232 Ga. 175 (205 SE2d 216).

5. The trial court charged that "All men are presumed to intend the natural and proximate consequence of their action." Appellant contends that the failure to complete the above charge with the statutory

language that the presumption may be rebutted was error. See Code Ann. §§ 26-604, 26-605. This enumeration is controlled by *Griffin v. State,* 230 Ga. 449 (197 SE2d 723), and is without merit. See also *Murphy v. State,* 129 Ga. App. 28 (2) (198 SE2d 344); and *Bloodworth v. State,* 129 Ga. App. 40 (2) (198 SE2d 341).

6. Appellant enumerates as error the charging of subsection (b) of Code Ann. § 26-902, urging that there is no evidence in the transcript which shows that he initially provoked the use of force against himself with the intent to use force against the deceased. Code Ann. § 26-902 (b) lists three limitations on the justifiable use of force against another person, the last of which states that a person is not justified in using force if he was the aggressor or was engaged in combat by agreement.

Since this portion of Code Ann. § 26-902 (b) was supported by the evidence, it was not error to charge the entire sub-section. See *Highland v. State,* 127 Ga. App. 518 (1) (194 SE2d 332). Compare *Butts v. State,* 126 Ga. App. 512 (191 SE2d 329).

7. Appellant contends that the trial court erred in failing to charge the jury on mutual combat as related to voluntary manslaughter. The trial court fully and fairly charged the jury on murder, voluntary manslaughter, and justifiable homicide. Code Ann. § 26-902 (a), which was charged in its entirety, covers situations involving mutual combatants. This enumeration is without merit.

8. Appellant enumerates as error the failure of the trial judge to fully explain the bifurcated trial system, citing *McRoy v. State,* 131 Ga. App. 307 (8) (205 SE2d 445). The trial court told the jury prior to their retirement, "You will not concern yourself with punishment at this time." This is sufficient to meet the requirement, if there be any, that such instructions be given.

9. Appellant's remaining enumerations of error dealing with the charge to the jury are without merit.

10. Lastly, appellant contends that the verdict was contrary to the law and the evidence. We have carefully reviewed the record and conclude that this enumeration is without merit.

The trial court properly denied appellant's motion for new trial.

*Judgment affirmed. All the Justices concur, except Ingram, J., who dissents. Hill, J., not participating.*

ARGUED SEPTEMBER 10, 1974 — DECIDED JANUARY 8, 1975 — REHEARING DENIED JANUARY 22, 1975.

*M. C. Pritchard,* for appellant.

*Vickers Neugent, District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.