## 51057. NIX v. THE STATE.

CLARK, Judge.

This is an appeal from a conviction for violation of the Georgia Controlled Substance Act. Defendant was charged with unlawful possession of amphetamines. Defendant's sole enumeration of error challenges the sufficiency of the trial court's charge on the substantive offense.

The entire charge relating to the penal offense is

as follows: "Georgia Code Section 79A-808—no,-807, Schedule II: d (1) 'Amphetamine, its salts, optical isomers, and salts of its optical isomers.' Now 79A-811, Prohibited Acts: 'Except as authorized by this Chapter, it is unlawful for any person to possess or have under his control any controlled substance.'" Defendant asserts that the charge is erroneous, since it fails to specifically mention the defense of lawful possession which was raised at trial.

The state attempts to justify the court's charge on the basis of Code Ann. § 79A-1105, which provides: "In any complaint, information or indictment charging any violation of any provision of this Title, and in any action or proceeding brought for the enforcement of any provision of this Title, it shall not be necessary to negative any exception, excuse, proviso or exemption contained in this Title, and the burden of proof of any such exception, excuse, proviso or exemption shall be upon the defendant." Under this provision, it is unnecessary for the state to anticipate a possible defense based upon the various statutory exceptions to the Act or to present evidence of the nonapplicability or nonexistence of each potential exemption.

At trial, the state proved that defendant possessed the controlled substance in a container without a label indicating a valid prescription. This established a prima facie case for the state and shifted to the defendant the burden of going forward with evidence showing that his possession was under a valid prescription or that he was otherwise exempted from the Act.

Where, after the burden of production shifts to the defendant, no evidence is introduced and no issue is raised as to the applicability of any of the exemptions, the court may properly refuse to instruct the jury as to the statutory exemptions (*Gordon v. State,* 127 Ga. App. 308 (193 SE2d 255)) or it may instruct the jury that the defendant does not fit under any of the exceptions to the Act. *Green v. State,* 129 Ga. App. 27 (198 SE2d 343); *Murphy v. State,* 129 Ga. App. 28 (198 SE2d 344); *Bloodworth v. State,* 129 Ga. App. 40 (198 SE2d 341).

Unlike the situations presented in the above cited cases, however, the defendant herein met his burden of going forward with evidence of a claimed exemption. He

contended that he legally possessed the drugs under a valid prescription and, in support of this claim, he provided the following facts: the name of the prescribing physician; the name and location of the pharmacy where he obtained the capsules; the medical reason for his use of the drugs; and an explanation as to the absence of the prescription label. These statements were corroborated by his wife's testimony. Under these circumstances, a question of fact was presented as to the applicability of the statutory exception and it was error to fail to instruct the jury on the specific exemption raised by defendant as his sole defense. See CJS Supp., Drugs and Narcotics, § 221, p. 336.

The omission in the charge of the sole defense relied upon effectively removed that issue from the jury's determination. This was, of course, detrimental to defendant and cannot be said to constitute harmless error. " 'An instruction which, while stating the nature of the charge or of the evidence against the accused, omits to charge the jury as to the defense set up by him is error, unless the defense upon which the accused relies is properly submitted to the jury in other parts of the charge.' [Cit.] Where there is only one defense on which a party relies, failure to instruct the jury as to the evidence supporting this defense, so specifically that the jury will not only be required to pass upon it, but will be enabled to do so intelligently, under pertinent rules of law and evidence, practically withdraws that defense, and to that extent prejudices the defendant's right to a fair and impartial trial." *Thompson v. State,* 16 Ga. App. 832, 833 (4) (84 SE 591). See also *Smith v. State,* 109 Ga. 479, 480 (3) (35 SE 59).

*Judgment reversed. Pannell, P. J., and Quillian, J., concur.*

ARGUED SEPTEMBER 3, 1975 — DECIDED SEPTEMBER 3, 1975. (SUPERSEDEAS — REHEARING DENIED JULY 29, 1975 — ■■■

*J. Roger Thompson,* for appellant.
*Nat Hancock, District Attorney,* for appellee.