51370. McCULLOUGH v. THE STATE.

PANNELL, Presiding Judge.

The defendant was indicted for murder and convicted of voluntary manslaughter. He appeals the judgment of conviction.

The evidence shows that appellant and his brother became engaged in an argument over a pair of pants. Appellant attempted to get the pants away from his brother, and a fight ensued. Appellant testified that his brother had a razor in his hand. The fight stopped, and appellant proceeded to the kitchen. Appellant returned to the brother's room with the knife, and the brothers again began fighting. Appellant struck his brother with the knife, wounding him fatally. There was conflicting testimony as to whether the victim was swinging a razor during the fight. *Held:*

1. The evidence was sufficient to support the verdict. The verdict was neither against the weight of the evidence, nor contrary to the law or principles of justice and equity.

2. The state introduced two photographs of the deceased over the objection of defense counsel. Appellant argues that these two pictures had no probative value because the cause of death was not in dispute. He urges error in their introduction because of their inflammatory effect on the jurors.

"It was not error to admit in evidence photographs of the victim showing wounds inflicted upon him and his condition at the scene where his body was found. *Lingerfelt v. State*, 231 Ga. 354 (201 SE2d 445); *Henderson v. State*, 227 Ga. 68, 79 (179 SE2d 76)." *Prevatte v. State*, 233 Ga. 929, 930 (214 SE2d 365).

3. The trial court committed no error in instructing the jury on the statutory definitions of "felony" and "forcible felony." These words were included in the court's charge on involuntary manslaughter and justification. The definitions were given as an aid to the jury in understanding the earlier reference to the terms in the charge. The charge was not misleading and did not place. before the jury the issue of punishment.

4. The trial court did not err in explaining the bifurcated trial procedure to the jury. *Woodard v. State*, 234 Ga. 901, 903 (218 SE2d 629). Appellant argues that the court erred in going beyond the language approved in *Wilson v. State*, 233 Ga. 479 (8) (211 SE2d 757), in explaining the procedure to the jury. *Wilson* does not require that any particular language be used in explaining the bifurcated trial procedure. Further, the trial court's explanation in the present case was a correct statement of the law and was not prejudicial to the defendant.

5. The trial judge re-charged the jury on mutual combat as follows: "Now putting this mutual combat in another way: *If two people mutually agree to fight, they arm themselves and they get weapons, it could be a knife and a razor blade,* they could each have a gun, but whatever way, if the two persons arm themselves and join in a fight with both of them intending to fight, then if one of them kills the other it's voluntary manslaughter unless the person doing the killing withdraws from the encounter and effectively communicates to the other person that he is and has withdrawn from the fight and

that the other, notwithstanding his withdrawal, continues to try to fight and to kill the person, trying to kill the person that actually does the killing." (Emphasis supplied.)

Appellant contends that the italicized portion of the above charge could be interpreted by the jury as an expression of opinion by the trial judge as to the facts proven in the case. We can find no such expression of opinion in the above charge. See *Marshall v. State,* 129 Ga. App. 733, 734 (200 SE2d 902), where a similar charge was approved.

6. The judge charged the jury that malice should be presumed where a homicide is caused by the use of a deadly weapon, until the contrary appears from circumstances of alleviation, excuse or justification. "Where any of the state's evidence shows mitigating circumstances, justification, or alleviation, it is error to charge that malice will be presumed from the commission of the homicide with a deadly weapon, and that the burden rests upon the accused to show justification or mitigation." *Jordon v. State,* 232 Ga. 749, 755 (208 SE2d 840).

Assuming that the *state's* evidence showed mitigating circumstances, justification, or alleviation, and that the court erred in giving the charge on the presumption of malice, the error was harmless. "Malice" is an element of the offense of murder. See Code § 26-1101. The charge of which appellant complains was given in connection with the court's charge on the offense of murder and clearly related to the elements of the murder charge. Since appellant was convicted of voluntary manslaughter, the charges relating to murder, even if error, were harmless. *Williams v. State,* 126 Ga. App. 454, 455 (191 SE2d 100).

*Judgment affirmed. Quillian and Clark, JJ., concur.*

ARGUED OCTOBER 9, 1975 — DECIDED JANUARY 5, 1976 —
REHEARING DENIED JANUARY 22, 1976.

*Robert M. Coker,* for appellant.

*Lewis R. Slaton, District Attorney, Richard Hicks, Assistant District Attorney,* for appellee.