54981. BELL v. THE STATE.

BIRDSONG, Judge.

Appellant Bell was convicted by a jury of the crime of armed robbery. In this out-of-time pro se appeal, he enumerates seven alleged errors. *Held:*

1. As it appears that appellant failed to raise proper objections at trial, we reiterate the sound and settled rule that appellate courts exist for the correction of trial error, where proper objection is taken. Accordingly, where enumerated errors on appeal attempt to raise for the first time questions not raised in the trial court, they present nothing for decision. *Cauley v. State,* 137 Ga. App. 814, 815 (224 SE2d 794).

2. Appellant enumerates as error the failure of the trial court to direct, sua sponte, a verdict of acquittal. Where the jury has reached a verdict of guilty, and the verdict is supported by some evidence, a directed verdict of acquittal is not proper. *Willingham v. State,* 131 Ga. App. 851 (207 SE2d 249). This enumeration is without merit.

3. Appellant's contention that the trial court erred in refusing to invalidate an arrest warrant of the type proscribed in Connally v. Georgia, 429 U. S. 245 (97 SC 546, 50 LE2d 444) (1977) is controlled adversely by this court's

holding in *State v. Patterson,* 143 Ga. App. 225 (237 SE2d 707), which declined to apply the Connally case retroactively. Accordingly, this contention is without merit.

4. Appellant complains that the state failed to provide him with a witness list in accordance with the provisions of Code Ann. § 27-1403. "Before the provisions of § 27-1403 become operative it is imperative that defendant make a demand before arraignment upon the district attorney or an assistant district attorney. [Cits.]" *Page v. State,* 237 Ga. 20 (227 SE2d 8). Neither the appellant nor the record shows that this condition was satisfied; therefore, this enumeration is without merit.

5. Appellant's argument that he was provided ineffective counsel is supported by neither argument nor citation of authority and is therefore deemed abandoned. *Haskins v. Jones,* 142 Ga. App. 153 (235 SE2d 630).

6. The trial court's charge on the defense of alibi was approved, verbatim, by all seven Justices of the Supreme Court of Georgia in *Patterson v. State,* 233 Ga. 724, fn. 2 (213 SE2d 612). Appellant's contention that this charge unconstitutionally shifted the burden of proof is without merit.

7. Similarly, the trial court's charge on criminal intent was also approved, verbatim, by this court in *Bloodworth v. State,* 129 Ga. App. 40 (2) (198 SE2d 341). Appellant's argument that this charge could have been construed by the jury as a directive from the court to return a guilty verdict is without merit.

8. For the reasons stated above, appellant's contention that a new trial is required is meritless.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

SUBMITTED JANUARY 16, 1978 — DECIDED FEBRUARY 3, 1978.

Arthur Lamar Bell, *pro se.*

J. W. Morgan, *District Attorney,* William S. Sutton, *Assistant District Attorney,* for appellee.