**Arthur Lamar BELL, Plaintiff,**

v.

**Joseph S. HOPPER, Cecil Nail, Jim Wharton, and E. B. Caldwell, Defendants.**

Civ. A. No. 478–71.

United States District Court,
S. D. Georgia,
Savannah Division.

March 26, 1981.

Arthur Lamar Bell, pro se.

Arthur K. Bolton, Atty. Gen., John W. Dunsmore, Jr., Asst. Atty. Gen., Atlanta, Ga., for defendants.

### ORDER

BOWEN, District Judge.

This is a civil rights suit filed *pro se* and *in forma pauperis* under 42 U.S.C. § 1983.

The plaintiff is an inmate at the Georgia State Prison in Reidsville, Georgia. His complaint is that the defendants denied him access to the courts in violation of his constitutional rights by failing to provide him a law library with which to research and prosecute a criminal appeal after he elected to waive his right to representation of counsel, and proceeded on the appeal *pro se.* Both plaintiff and the defendants have moved for summary judgment under Fed.R. Civ.P. 56.

The pertinent facts are not at issue. Plaintiff was granted the right to take an out-of-time appeal from a criminal conviction. The court of conviction offered to appoint counsel to represent plaintiff on this appeal. Plaintiff refused this offer. That plaintiff waived this right to counsel knowingly, intelligently and voluntarily is not contested or at issue. Plaintiff then demanded certain law books and writing materials, which the Court must assume were denied him. Plaintiff prosecuted the appeal on his own nonetheless. His conviction was affirmed in *Bell v. State,* 144 Ga. App. 692, 242 S.E.2d 345 (1978). Plaintiff remained in prison during the appeal.

The plaintiff contends that the Supreme Court's ruling in *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), required the state of Georgia to provide him with a law library to protect his right of access to the courts. The defendants, on the other hand, assert that *Bounds v. Smith* only requires that the state provide some form of access to legal knowledge, which was done here by the offer of appointment of counsel. They assert further that the choice is that of the state, not the plaintiff's. Defendants reason that plaintiff's lack of access to a law library was a choice made in the alternative to adequate access provided by the state's offer to appoint counsel, and that the plaintiff, in effect, worked a denial of his Sixth Amendment right by his own conscious act, for which the state cannot be held responsible.

The language of *Bounds v. Smith* clearly supports the defendants to this ex-

tent: it is a state's option to choose the method by which to implement a prison inmate's right of access to the courts. A law library is only one alternative which fills this responsibility. *Bounds v. Smith, supra,* at 828, 97 S.Ct. at 1498. This does not answer the question presented here, however. The issue before the Court is whether the state's refusal to provide an adequate law library denied plaintiff the right to represent himself in court once he had asserted that right.

 A criminal defendant certainly has a right, correlative with his right to assistance of counsel, to dispense with counsel, and conduct his defense *in propria persona.* *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *Scott v. Wainwright,* 617 F.2d 99 (5th Cir. 1980). Having asserted this right, however, does a defendant in the lawful custody of the state then have the right to demand and receive for his use a fifteen thousand dollar law library? This Court opines that he does not.

Plaintiff could reason, no doubt, that the lack of access to a proper library renders empty his choice to proceed *pro se,* and thereby effectively denies him the right to make that choice. This logic has a certain appeal, granted, but the law does not support it to the degree plaintiff needs. A trial court cannot deny a defendant the freedom to choose to represent himself so long as he is competent to make the choice; this is so even if he obviously lacks the skill and knowledge necessary to present a good defense, and even if it seems that the choice would foreclose any likelihood of success. A defendant's "... technical legal knowledge, as such, [is] not relevant to an assessment of his knowing exercise of the right to defend himself." *Faretta v. California, supra,* 422 U.S. at 836, 95 S.Ct. at 2541. A necessary corollary to this doctrine, however, is that the defendant who makes this choice must abide by the consequences of this choice. *Faretta v. California, supra,* 834–836, 95 S.Ct. 2540–2541; *Chapman v. United States,* 553 F.2d 886, 891 (5th Cir. 1977); *United States v. Trapnell,* 512 F.2d 10, 12 (9th Cir. 1975); *United States v.*

*Dujanovic,* 486 F.2d 182, 188 (9th Cir. 1973); *United States v. Price,* 474 F.2d 1223, 1227 (9th Cir. 1973); *United States v. Dougherty,* 473 F.2d 1113, 1128 (D.C.Cir.1972). That is, if a defendant makes his bed, he must sleep in it.

The defendants in the cases just cited were required to accept the hard reality of their own ignorance of the law and court procedure as part and parcel of their choice to defend themselves. Here, the Court believes this plaintiff must accept the hard reality of his own conscious choice: that the prison did not have an adequate law library,* and could not reasonably be expected to get one in the time it would take to process an appeal. To require the prison officials named as defendants here to pay damages to the plaintiff in recompense for the harsh consequences of his own deliberate choice would work great injustice. The Court does not interpret the holdings in *Faretta* or *Bounds* to mandate such a recovery. No right of the plaintiff's has been infringed by the named defendants.

Therefore, the plaintiff's motion for summary judgment is DENIED. The defendants' motion for summary judgment is GRANTED. Fed.R.Civ.P. 56. The suit is hereby DISMISSED. IT IS SO ORDERED.

---

* A very adequate law library is now maintained at the Georgia State Prison.