63150. OWENS v. THE STATE.

BANKE, Judge.

The defendant appeals his conviction of burglary and theft by taking. The state's evidence included a confession made after a proper warning. While testifying in his own behalf, the defendant

denied his guilt and stated that his confession was to a burglary he had committed in another county and for which he had already been tried. He also indicated that he was confused because he was under the influence of drugs at the time he was questioned. Because of these statements, the state's attorney requested the court's permission "to go into the character of the accused." The request was denied. On appeal the defendant claims that the request impermissibly placed his character in evidence. *Held:*

1. There was no objection, request for curative instructions, or other motion made by the defense concerning the state's request. "Accordingly, where enumerated errors on appeal attempt to raise for the first time questions not raised in the trial court, they present nothing for decision." *Bell v. State,* 144 Ga. App. 692 (1) (242 SE2d 345) (1978). This enumeration of error is without merit.

2. The defendant also contends that the convictions must be reversed because they are based solely upon his uncorroborated confession. There was considerable evidence that someone entered the victim's home without permission by breaking the glass in a door. Certain specified items were removed from the home and placed in the victim's blue Volkswagen. The defendant's confession was specific as to the items taken, the manner and date of entry, and the blue Volkswagen. Other testimony placed the defendant in the vicinity of the crime on the date in question. The evidence adequately corroborates the confession. See *Gray v. State,* 135 Ga. App. 253 (217 SE2d 482) (1975).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED DECEMBER 4, 1981.

*James C. Wyatt,* for appellant.
*Larry Salmon, District Attorney, Bill Bowling, Jr., Assistant District Attorney,* for appellee.