64095, 64096. BRINSON v. THE STATE (two cases).

POPE, Judge.

Kenny Brinson and Van Brinson were jointly tried and convicted of two counts of criminal damage to property in the second degree, Code Ann. § 26-1502 (a). The charges arose from an incident in which Van Brinson handed Kenny Brinson a rifle which Kenny then fired into a pasture owned by Lorenzo Merritt. Kenny subsequently shot a pistol into the same area. Although they may not have seen them at the time, both defendants knew that Merritt's five horses were kept in the pasture. One of the horses was killed and another was wounded. Both defendants appeal their convictions.

1. As their first enumeration of error, defendants raise the general grounds. Viewed in the light most favorable to the state, the evidence of record adequately supports the verdict and is "sufficient under established review criteria." *Muse v. State,* 160 Ga. App. 272, 274 (287 SE2d 224) (1981). We find that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61

LE2d 560) (1979).

2. Defendants further contend that the trial judge's charge to the jury incorrectly stated the law regarding the element of "intent" necessary to find them guilty of the offense and resulted in substantial prejudice to them. The indictments in this case were for violations of Code Ann. § 26-1502 (a) which provides: "A person commits criminal damage to property in the second degree when he (a) *intentionally* damages any property of another person without his consent and the damage thereto exceeds $100. . . ." (Emphasis supplied.) From the wording of the statute, it is apparent that the inclusion of the term "intentionally" requires that "intent" be a basic element of the offense of criminal damage to property in the second degree.

In his initial charge to the jury, the trial judge failed to include any definition, explanation or other instruction regarding the law of "intent." After some deliberation, the jury returned to the courtroom where the judge gave the "Allen charge" which also included no instruction on "intent." At that time the jurors were split nine votes to three.

The record reveals that the jury was once more reassembled in the courtroom for the purpose of requesting an explanation of "intent" as it related to the crimes charged. That portion of the trial judge's instruction was as follows: "But it seems that your problem is [a] problem of intent and of course it's just this simple that if you find from the evidence that they — that neither defendant intended to create the damage why then you would be authorized to acquit him. Now then — you enter into another phase of the law and I don't want to get into but I might mention it to you that is sometimes everybody [sic] can be so careless and so negligent that an intent [sic] be implied. Shooting in a crowd for [instance] you may not intend to kill anybody but the intent would be implied [where the] act is so warrantly [reckless] as to [infer that] an intent existed." After the preceding charge was given, the jury returned a verdict of guilty against both defendants on both counts.

"In a criminal case, it is incumbent on the trial judge, with or without request, to give the jury appropriate instructions as to the law on each substantive point or issue involved in the case. . . ." *Burger v. State,* 245 Ga. 458, 459 (265 SE2d 796) (1980). We are aware that "no detailed definition [of intent] need be given." *Treadwell v. State,* 129 Ga. App. 573 (200 SE2d 323) (1973). Nevertheless, aside from the trial judge's duty to charge the jury on the elements of the crime, "[w]hen the jury requests the court to recharge them on any point, it is the court's duty to do so." *Edwards v. State,* 233 Ga. 625, 626 (212 SE2d 802) (1975). Obviously, this principle presupposes that

the charge given in response to the jury's request, as well as the initial charge, will be an accurate statement of the law proffered to the jury for their clarification. In the case sub judice, the jurors sought instruction on the meaning of "intent" as they were unclear or confused as to its legal importance. The trial judge's response to the request was, instead, an illustration of conduct in the nature of criminal negligence. This was not only inaccurate and incomplete, but also open to criticism as inflammatory and, thus, prejudicial.[1]

We believe that in this instance the failure to accurately charge the jury on the law of "intent"[2] and the substitution of the example noted above resulted in prejudice to the defendants sufficient to support their motion for new trial. For this reason, we reverse.

*Judgment reversed. Sognier, J., concurs. Deen, P. J., concurs in the judgment only.*

DECIDED SEPTEMBER 17, 1982.

*Curtis R. Boren, Strickland Holloway, Jr.,* for appellant (case no. 64095).

*Robert Simmons Lanier, Jr.,* for appellant (case no. 64096).

*J. Lane Johnston, District Attorney,* for appellee.

---

[1] Although under Code Ann. § 26-601 conduct sufficient to constitute criminal negligence may substitute for the requisite mens rea or specific intent as an element of a crime, in this instance the charge simply failed to explain the law of intent. Instead, the incomplete explanation and illustration given to the jury injected an extreme example of criminal negligence, shooting into a crowd. A substantial difference exists between firing a gun into a group of people and firing a gun from the edge of an open pasture into a 20 to 25 acre area in which the defendants may or may not have actually seen the five horses which occupied it.

[2] Specific language used for charging the jury on the law of intent has been approved by the Supreme Court in *Griffin v. State,* 230 Ga. 449 (3) (197 SE2d 723) (1973). The following charge is taken from *Griffin,* provided in the "Suggested Pattern Jury Instructions, Criminal Cases," and is widely used: "I further charge you that intent to commit the crime charged in this indictment is an essential element that the state must prove beyond a reasonable doubt. Intent is always a question for the jury and is ordinarily ascertained by acts and conduct. Intent may be shown in many ways, provided the jury finds that it existed from the evidence produced before them. It may be inferred from the proven circumstances or by acts and conduct or it may be presumed when it is the natural and necessary consequence of the act." See also *Mobley v. State,* 162 Ga. App. 23 (2) (288 SE2d 702) (1982).