## 73636. BROWN v. THE STATE.
### (356 SE2d 663)

POPE, Judge.

William A. E. Brown brings this appeal from his conviction and sentence of homicide by vehicle in the second degree, OCGA § 40-6-393 (b). *Held*:

1. Defendant's first enumeration assigns error to the trial court's repeating the instruction to the jury on vehicular homicide "because this repetitious instruction gave undue prominence to the State's accusation." We find no merit in this assertion.

"A mere repetition of a principle of law, while unnecessary, will

not work a reversal unless it appears from the charge as a whole that there was such undue emphasis as to result in an unfair statement of the law in relation to the defendant's rights. [Cit.]" *Brown v. State*, 142 Ga. App. 247, 248 (235 SE2d 671) (1977). "Mere repetition of a correct and applicable principle of law is not such error as requires reversal unless it takes color of an argumentative or opinionative utterance so as to tend to prejudice the minds of the jury." *Brown v. Brown*, 89 Ga. App. 428, 429 (80 SE2d 2) (1953); see *Patterson v. State*, 207 Ga. 357 (2) (61 SE2d 462) (1950). The repetition complained of resulted from a jury request for a recharge on the issue of intent and was accompanied by several references to the State's burden of proving each element of the crime charged beyond a reasonable doubt. "When the charge is read as a whole, we cannot say that it confused or misled the jury or in any manner resulted in an unfair statement of the law as it relates to defendant." *Brown v. State*, supra at 248.

2. Defendant's second enumeration of error asserts that the trial court's instructions on intent were "confusing, conflicting, erroneous and impermissibly lessened the burden of the State to prove the element of intent beyond a reasonable doubt." We find no merit in any of the arguments raised here.

(a) First, we find no error in the trial court's charge to the effect that the "intention" the State was required to prove beyond a reasonable doubt did not mean an intention to violate a penal statute but an intention to commit the act prohibited thereby. See *Price v. State*, 253 Ga. 250 (2) (319 SE2d 849) (1984); *Balark v. State*, 81 Ga. App. 649 (1a) (59 SE2d 524) (1950). The asserted internal inconsistency in this charge[1] "was not misleading except by construction, and in view of the clarity of the charge as a whole, it is unlikely that [this alleged inconsistency] would mislead a jury of ordinary intelligence. [Cit.]" *Harper v. State*, 155 Ga. App. 764, 766 (272 SE2d 736) (1980). See *Griffis v. State*, 242 Ga. 26 (2b) (247 SE2d 833) (1978). See generally *Avery v. State*, 141 Ga. App. 92 (4) (232 SE2d 618) (1977).

(b) Also, we find no error in the trial court's further instructions on intent in the form of an illustration, where "[t]he illustration here used did not tend to mislead, inflame, or prejudice the jury against the accused." *Benton v. State*, 185 Ga. 254, 255 (194 SE 166) (1937); accord *Brown v. State*, 177 Ga. App. 778 (2) (341 SE2d 226) (1986). See generally *Collier v. State*, 154 Ga. 68 (3, 4) (113 SE 213) (1922). The holding in *Brinson v. State*, 163 Ga. App. 567 (2) (295 SE2d 536)

---

[1] "[T]he intent that the State is required to prove beyond a reasonable doubt *is not an intention to speed*, it's not an intention to violate the law. . . . In other words, . . . the State must prove that the Defendant intended *to operate a vehicle at greater than the speed limit*." (Emphasis supplied.)

(1982), does not compel a different conclusion. In *Brinson* the challenged charge on intent was inflammatory, which is clearly not the situation in the case at bar.

(c) Finally, the trial court took proper curative action to correct its misstatement that the State must prove intent by a preponderance of the evidence. See *Young v. State*, 131 Ga. App. 553 (3) (206 SE2d 536) (1974). See generally *Cameron v. State*, 123 Ga. App. 282 (1) (180 SE2d 554) (1971).

3. The trial court did not err in excluding from evidence the owner's manual for the automobile appellant was driving at the time of the fatal accident. See *Goldsmith v. State*, 148 Ga. App. 786 (7) (252 SE2d 657) (1979), and cits. Nor did the trial court err in excluding from evidence the allegedly defective rear axle as there was no showing that this item caused the accident or was otherwise relevant to the issues in this case. See generally *McNabb v. State*, 70 Ga. App. 798 (1) (29 SE2d 643) (1944).

4. Defendant's hearsay challenge to the admissibility of the State Crime Lab autopsy report is controlled adversely to him by the holding in *Millwood v. State*, 166 Ga. App. 292 (5) (304 SE2d 103) (1983). Defendant's further challenge to the completeness of the report goes to its weight, not its admissibility.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED APRIL 7, 1987 —
REHEARING DENIED APRIL 22, 1987 — 

*John R. Calhoun, Malcolm MacKenzie III*, for appellant.
*Spencer Lawton, Jr., District Attorney, Jon Hope, Assistant District Attorney*, for appellee.