48374. TREADWELL et al. v. THE STATE.

EVANS, Judge. Treadwell and Davis were both indicted, tried and convicted of burglary and sentenced to serve three years. The defendants jointly appeal. *Held:*

1. The challenge to the array of petit jurors was made, but not until after the voir dire questions had been propounded with an opportunity to challenge for favor. But, even so, the fact that no one between the ages of 18 and 21 was on the jury panel does not, standing alone, prove that there were no jurors of that age in the jury box; nor does it show a deliberate exclusion of such persons from jury service. No evidence was offered to prove the jury list is not a fairly representative cross-section of the intelligent and upright citizens of the county. See Code Ann. § 59-106 (Ga. L. 1953, Nov. Sess., pp. 284, 285; 1955, p. 247; 1967, p. 251; 1968, p. 533). A prima facie case of exclusion was not made. *Simmons v. State,* 226 Ga. 110 (1b) (172 SE2d 680).

2. The court charged the definition of burglary to be an entry of a dwelling house without authority and *with intent* to commit a theft; and that a theft means the unlawful taking of another person's property without authority and *with the intention* of depriving the owner of said property. Absent a written request to charge more fully on *intent,* the charge as given was sufficient. Upright and intelligent jurors would have no difficulty in understanding the meaning of a simple word like "intent," and no detailed definition need be given.

3. Counsel for defendants in writing requested a charge on Code

Ann. § 26-701, as to mental capacity to distinguish between right and wrong. There was no evidence of insanity here, and while there was some evidence to show the defendants were intoxicated, this, in and of itself, would not require a charge on mental capacity. The court did not err in failing to give this charge.

4. Another written request involves the substance of Code Ann. § 26-705, as to the resulting overt act occurring from a misapprehension of fact. Here, the sole defense was that a Negro broke into the dwelling, and the defendants ran him off, and then entered the dwelling and placed personal property of the prosecutrix in a truck of one of the defendants "in order to protect it." This explanation is highly implausible and utterly beyond belief. Under what misapprehension of fact were these defendants operating in entering another's dwelling and removing personal property? Absolutely none. The contention of defendants amounts to no defense at all. The court did not err in refusing to charge this written request.

5. Clearly, the evidence was sufficient to support the verdict. The defendants were caught by the owner in her house, removing articles of personal property and loading same in a truck. When caught in the act, they offered the ridiculous excuse that they saw another man burglarizing the house, and when he ran off, they were merely moving the owner's property into their truck to "protect" it.

During oral argument, counsel for the defendants stated that the jury was not out more than five minutes. That should have been ample time, with two or three minutes left over, to solve the question of guilt or innocence of these two defendants.

*Judgment affirmed. Clark, J., concurs. Hall, P. J., concurs in the judgment only.*

ARGUED JULY 10, 1973 — DECIDED SEPTEMBER 5, 1973.

*Nicholas F. Maniscalco,* for appellants.
*Edward E. McGarity, District Attorney,* for appellee.

