### 62303. SACKS v. McCRORY et al.

SHULMAN, Presiding Judge.

Appellant Sacks, presently a member of the bar and a justice of the peace in Gwinnett County, was formerly employed by Bell Telephone Laboratories, Inc. ("Bell Labs") as an electrical engineer at its Norcross, Georgia, facility. From April through September 1976, appellant received benefits under the temporary disability provisions of Bell Labs' Plan for Employees' Pensions, Disability Benefits and Death Benefits ("the Plan"). In October 1976, the Employees' Benefit Committee considered and denied appellant's application for permanent disability benefits, which decision was reviewed and affirmed by the Employees' Benefit Claim Review Committee. When appellant refused to return to work, his employment was terminated. He then brought this suit, seeking $1,000,000 in damages from the defendants for conspiracy and tortious interference with his contract for benefits under the Plan. A separate suit filed by appellant against Bell Telephone Laboratories, Inc., is pending in the Superior Court of Fulton County. See *Sacks v. Bell Tel. Labs.,* 149 Ga. App. 799 (256 SE2d 87). The defendants in this case (11 of whom were members of the Benefit Committee or the Review Committee and two of whom were appellant's supervisory personnel at Norcross) filed a motion for summary judgment which was accompanied by an affidavit from each defendant. Appellant now seeks review of the trial court's grant of appellees' motion for summary judgment. We affirm the decision of the trial court.

Members of both the Benefit Committee and the Review Committee are employees of Bell Labs who are appointed to their committee positions by the Board of Directors of Bell Labs, and their committee service is considered part of the duties of their employment. Under the plan, the Benefit Committee has the power to administer the Plan and is authorized to grant or deny claims for benefits. Upon receipt of a written request from the employee, the Review Committee is empowered to review the Benefit Committee's decision.

1. Even assuming appellant was contractually entitled to disability benefits, appellees cannot be held liable for tortious interference with that purported contractual right in this case. Appellant maintains that the decision denying him benefits was

arbitrary and capricious. However, the Supreme Court, in *Collins v. Storer Broadcasting Co.,* 217 Ga. 41 (120 SE2d 764), held that an allegation that a committee's denial of a former employee's claim for the proceeds of a profit sharing plan was arbitrary and capricious did not state a cause of action when the committee members acted under and pursuant to the powers granted to them in the profit sharing plan. Id., pp. 49-50. In light of the appellees' undisputed and unrefuted affidavits that the conduct they engaged in with regard to appellant's claim for benefits was within the scope of their authority and in the course of their employment, that the decision rendered was based upon the evidence before the committee, and that the appellant's supervisory personnel did nothing to induce the decision, we apply the logic of the *Collins* case and conclude that the appellees cannot be held liable for their decision adverse to appellant. The language from *Sacks v. Bell Tel. Labs.,* supra, upon which appellant relies, is inapplicable since that case is concerned with an employee suing an *employer* responsible for the actions of its employees, while this case deals with an employee attempting to sue fellow employees for actions they took within the scope of their authority and in the course of their employment.

2. Finally, appellant urges that his conspiracy allegation is a question for the jury. However, "a 'conspiracy' to effect what one has a legal right to accomplish is not actionable." *McElroy v. Wilson,* 143 Ga. App. 893, 895 (240 SE2d 155).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED NOVEMBER 4, 1981 —
REHEARING DENIED NOVEMBER 19, 1981 — 

*Robert C. Sacks,* pro se.
*George B. Haley,* for appellees.