39753. JOYNER v. THE STATE.

WELTNER, Justice.

Diane Joyner was convicted of felony murder in the death by starvation of her daughter, Margo Joyner, who was seven weeks old.

1. We have reviewed the evidence in the case, and find that it was sufficient to authorize a rational trier of fact to find every element of guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The photographs of the child introduced by the state were

admissible under the rulings of this Court. *Brown v. State,* 250 Ga. 862 (302 SE2d 347) (1983).

3. Nonetheless, this case must be reversed and remanded for retrial by reason of the plain violation of OCGA § 15-12-1 (b) (Code Ann. § 59-112), which provides, relative to excusal from jury duty, that a prospective juror summoned for service "may be excused by the judge of the court to which he or she has been summoned or by some other person who has been duly appointed by order of the chief judge to excuse jurors. Such person may exercise such authority only after the establishment by court order of guidelines governing excuses."

The record in this case, compiled upon a timely challenge to the array of the traverse jurors, discloses that twenty-seven prospective jurors were excused from jury duty by the clerk of the superior court, and five were excused by the sheriff. The record is silent as to any appointment or establishment of guidelines, as contemplated by the statute, and it was from the array of traverse jurors, thus diminished by unauthorized excusals, that the trial jury in this case was selected.

Mrs. Joyner contends that the effect of these occurrences was to accord to the prosecution more than the ten peremptory strikes provided by OCGA § 15-12-165 (Code Ann. § 59-805), as the sheriff was listed on the indictment as the prosecuting officer, and, in this case, assisted the district attorney in the selection of trial jurors.

The state contends that OCGA § 15-12-1 (Code Ann. § 59-112) is directory only, and that a failure to conform to its precise requirements is not ground for reversal, citing *Franklin v. State,* 245 Ga. 141 (263 SE2d 666) (1980).

There, non-statutory excusals were approved by the clerk, who testified that the practice was expressly authorized by the judge, although there was no written order establishing guidelines. The court observed in a footnote: "There was testimony that one juror allegedly was excused by the district attorney. By nothing said herein does this court approve such practice." 245 Ga. at 145.

In rejecting the attack upon the array in *Franklin,* we held: "We do not find here such disregard of the essential and substantial provisions of the statute as would vitiate the arrays. . . . The case relied upon by Franklin involved the integrity of the jury selection process, not (as here) the incidental procedures." 245 Ga. at 147.

This case crosses the line drawn in *Franklin:* "Obviously, however, a disregard of the essential and substantial provisions of the statute will have the effect of vitiating the array." 245 Ga. at 146. The excusal of five prospective jurors by the sheriff, as the chief law enforcement officer in the county and as a direct participant in the trial, is a violation of the integrity of the jury selection process, and

constitutes an alteration of the array of traverse jurors to such extent as to deprive this defendant of her proportional share of peremptory strikes under OCGA § 15-12-165 (Code Ann. § 59-805).

The challenge to the array being timely and fully supported by evidence was well-taken, and the case must be remanded for another trial by a properly constituted jury.

*Judgment reversed. All the Justices concur, except Marshall, P. J., and Gregory, J., who dissent.*

DECIDED JUNE 1, 1983 —
REHEARINGS DENIED JUNE 16, 1983.

*Mills & Chasteen, Ben B. Mills, Jr., for appellant.*

*Gary C. Christy, District Attorney, Richard E. Thomas, Assistant District Attorney, Michael J. Bowers, Attorney General, Virginia H. Jeffries, Staff Assistant Attorney General, for appellee.*

GREGORY, Justice, dissenting.

I respectfully dissent. A showing of harm by the defendant should be made. If the majority opinion is correct, the proper remedy is to remand to the trial court for a determination by the trial judge as to whether or not the jurors who were excused would have been excused by him under his criteria.

I am authorized to state that Presiding Justice Marshall concurs in this dissent.