## 69146. FAVORS v. THE STATE.

(327 SE2d 543)

BENHAM, Judge.

Matthew Favors, convicted of attempted kidnapping and simple battery in the Superior Court of Walker County, brings this appeal enumerating several errors at the trial level. *Held:*

1. Appellant contends that the trial court erred in denying his challenge to the grand and petit juries on the ground that the group between 18 and 24 years of age was underrepresented. Without determining what age group constitutes a recognizable class, we first look to the record to consider the evidence on this issue. Although a motion was filed challenging the makeup of both juries, we find no evidence in the record that there was a hearing on this matter. Under *Roach v. State*, 221 Ga. 783 (4) (147 SE2d 299) (1966), "[t]he burden is on him who asserts error to show it affirmatively by the record." Where there is no transcript of evidence before the court, we must assume that the evidence authorized the ruling below. *Moore v. State*, 151 Ga. App. 413 (260 SE2d 350) (1979). Finding no error, we hold that appellant's enumeration is devoid of merit.

2. In his second attack on the makeup of the petit jury, appellant avers that the trial judge impermissibly excused one of the jurors summoned for service. Before constituting the various panels on the first day of the trial week, the trial judge followed his usual procedure of calling the names of all persons summoned for jury service to determine who was absent. While there is some dispute as to the testimony concerning this matter, the trial court was authorized to find that when the name of Richard J. Griffin was first called, there was no response and he was marked absent. His name was called again later in the proceedings, and a person known to the court as Richard Jackson proceeded toward the jury box. In the meantime, Richard J. Griffin had been listed as absent and a bench warrant had been issued.

The trial judge instructed the prospective juror to return to his seat in the courtroom, and he was not allowed to sit as a juror. The court held a hearing on this matter later in the week before the beginning of appellant's trial. The evidence there showed that the juror in question was arraigned on November 18, 1983, for violation of the Georgia Controlled Substances Act and that he requested appointment of a lawyer by completing a financial affidavit which he signed as "Richard Jackson," the same name he had listed in all other appearances; not "Richard J. Griffin," the name which appeared on the jury summons.

However, the dispute as to the proper name need not detain us long, for it is well settled law that a defendant is not entitled to a particular juror, but only to a properly constituted jury. *Rucker v. State*, 135 Ga. App. 468 (2) (218 SE2d 146) (1975). It is equally axiomatic that the trial court can exercise its discretion in excusing jurors, and this decision will not be disturbed in the absence of abuse. *Dodys v. State*, 73 Ga. App. 483 (1) (37 SE2d 173) (1946). Therefore, the action of the trial judge in the use of his discretion in excusing a particular juror must be viewed in light of the ruling in *Joyner v. State*, 251 Ga. 84 (3) (303 SE2d 106) (1983), which requires a substantial disregard of the statutory provision as to jury composition that so vitiates the array that it destroys the integrity of the jury selection process and thereby deprives the defendant of his proportional share of peremptory strikes. In applying the "destruction of integrity test" outlined in *Joyner*, we find that the trial court acted properly in excusing Richard Jackson a/k/a Richard Jackson Griffin and that the decision to do so was based on reasonable disqualifying facts articulated by the court.

3. Thirdly, appellant asserts as error the denial of his motion for a copy of the victim's statement. The trial court, pursuant to a proper motion under *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963), conducted an in-camera inspection of the district attorney's file under the guidelines of *Plemons v. State*, 155 Ga. App. 447 (270 SE2d 836) (1980), and found no material exculpatory evidence to which defendant was entitled. We have made an independent searching review of the file, and we also find no evidence to which defendant is entitled under *Brady*; hence, appellant's enumeration of error is meritless.

4. We turn now to appellant's last two enumerations of error, which due to their similarity can be discussed separately. Succinctly put, appellant contends that it was error to fail to charge on "abandonment" of a criminal enterprise and on "mere preparation."

Only the facts necessary to address this enumeration need be presented. The jury was authorized to find that the victim, a college student, was returning from taking her study partner home in rural Walker County in the early morning hours, when appellant's vehicle

passed hers, then turned around and began to follow her vehicle. After blinking his lights, appellant pulled up beside her, ostensibly to ask for directions to Ringgold, Georgia. She gave him directions and drove away, but he failed to follow her directions and continued to follow her. On at least one occasion he ran her off the road and tried to block her escape; yet she managed to escape. He took up the chase again at a high rate of speed, and the victim pulled into a service station to seek sanctuary. When she exited her car she discovered that the station was closed. As she attempted to flee on foot, the appellant leaped from his vehicle, chased and caught her, and then dragged her, screaming and hollering, to his vehicle. As he tried to force her into his vehicle, her head and body repeatedly banged against the door opening. She then told appellant that if he would let her go she would cooperate. When he did so, she ran toward a vehicle which was traveling on an adjacent highway and which turned out to be that of a deputy sheriff, who immediately arrested appellant.

Appellant contends that when he let the victim go, he either "abandoned" his criminal enterprise or that his conduct constituted "mere preparation" to commit a crime, and that he was entitled to a charge to that effect. "[A]bandonment is an affirmative defense or a renunciation of the criminal purpose. Here the crime[s] [were] already completed . . . This is insufficient evidence to require a charge on abandonment . . ." *Joiner v. State*, 147 Ga. App. 526 (249 SE2d 335) (1978). Under the facts presented in this case, it would be an abandonment of reason to rule otherwise.

The criminal acts of which appellant was convicted had already been completed. In finding no merit in these enumerations of error, we are also guided by *Treadwell v. State*, 129 Ga. App. 573 (4) (200 SE2d 323) (1973), which holds that where a defendant's explanation (the defendant here testified that he was just trying to help the woman) is highly implausible and utterly beyond belief, it is not error to refuse to charge on that issue.

*Judgment affirmed. Banke, C. J., and Pope, J., concur.*

DECIDED FEBRUARY 27, 1985.

*Teddy R. Price*, for appellant.

*David L. Lomenick, Jr., District Attorney, David J. Dunn, Jr., Assistant District Attorney*, for appellee.