75979. FIRST GEORGIA INSURANCE COMPANY v. GOODRUM et al.
(370 SE2d 162)

Sognier, Judge.

First Georgia Insurance Company sought a declaration of its rights under an automobile insurance policy after Joyce Goodrum, the driver of the vehicle insured by it, had First Georgia served as the uninsured or underinsured motorist carrier in a personal injury suit she brought against Craig Delaney. First Georgia appeals from the trial court's grant of summary judgment against it and the denial of its motion for summary judgment.

Delaney collided with Joyce Goodrum while she was transporting two of her co-employees, Emma Dowell and Diane Petty, home from their jobs as kettle workers, or bell ringers, for the Salvation Army. Goodrum's duties as a Salvation Army employee included driving the kettle workers to and from their job sites, for which Goodrum received an hourly wage of $4. Although the Salvation Army owned several vehicles used to transport kettle workers, for reasons contested in the record Goodrum was driving the insured vehicle on the day of the accident and was receiving 20 cents a mile as reimbursement for gasoline and wear and tear on the automobile.

Appellant sought a declaration of its obligations under the policy in view of exclusionary language in the policy providing: "We do not provide Uninsured Motorists Coverage for property damage or bodily injury sustained by any person: . . . (3) When your covered auto is

being used to carry persons or property for a fee. This exclusion does not apply to a share-the-expense car pool." (Emphasis in original omitted.) Appellant asserts this exclusion as its defense against the claims made by Goodrum under the policy.

"The insurer in preparing its policy has the burden of using language that is clear and precise." *Travelers Indem. Co. v. Whalley Constr. Co.*, 160 Ga. App. 438, 440 (287 SE2d 226) (1981). " 'If a policy of insurance is so drawn as to require an interpretation, and is fairly susceptible of two different constructions, the one will be adopted most favorable to the insured. Policies of insurance will be liberally construed in favor of the object to be accomplished, and conditions and provisions therein will be strictly construed against the insurer, as they are issued upon printed forms, prepared by experts at the insurer's instance, in the preparation of which the insured has no voice.' " *Davis v. United &c. Life Ins. Co.*, 215 Ga. 521, 527 (111 SE2d 488) (1959). See also *Simmons v. Select Ins. Co.*, 183 Ga. App. 128, 130·(358 SE2d 288) (1987). " 'Any exclusion sought to be invoked by the insurer . . . will be liberally construed in favor of the insured and strictly construed against the insurer unless same is clear and unequivocal.' " *Gulf Life Ins. Co. v. Brown*, 181 Ga. App. 72, 75 (351 SE2d 267) (1986). See also OCGA § 13-2-2 (5): "If the construction is doubtful, that which goes most strongly against the party executing the instrument or undertaking the obligation is generally to be preferred."

In the absence of Georgia authorities construing a like exclusionary provision under circumstances similar to the one sub judice, appellees cite *Travelers Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 175 FSupp. 673 (E.D. La. 1959), a case involving a driver of a private vehicle who was receiving mileage reimbursement for transporting his co-employees when he collided with another vehicle. In that case, State Farm relied upon an exclusion which provided that the policy in question would not apply while the vehicle was being "used for carrying persons for a charge" but which also provided that the "for a charge" exclusion did not apply to the transportation on a share-the-expense basis of fellow employees. Judge Skelly Wright stated: "Obviously, the carrying of coemployees in itself would not exclude coverage on the policy. As far as the risk is concerned, there would be no difference whether the mileage was paid by the common employer or prorated among the coemployees. Under the circumstances, and particularly in view of the limitation on the exclusion, it would appear that coverage was not excluded while the employees in suit were passengers in the car. This 'carrying persons for a charge' exclusion was apparently added to the company's printed policy form to cover situations where the insured vehicle was being used as a taxi on a temporary basis, several courts having held that such use was not within the

'public or livery conveyance' exclusion which is generally found in private automobile policies. It was not intended to cover a situation where fellow employees of the owner were being carried to work, irrespective of the fact that the employer, rather than the employees, was paying the mileage. Certainly exclusions similar to the one in suit have no application where an employee is using his own car in the course of his employment and is being reimbursed by his employer for such use on a mileage basis. That, in effect, is the situation here." Id. at 675-676. Judge Wright noted that the mileage received by the driver "is in the usual amount, sufficient only to cover expenses and perhaps upkeep of the car," adding, as in the case sub judice, that the sum was almost precisely the amount "the Government allows to its employees for use of their own cars for travel purposes." Id. at 676. After citing other courts that have interpreted similar provisions and reached varying results, Judge Wright concluded: "If the courts cannot with any degree of assurance, or unanimity, interpret exclusion provisions of this kind, that fact alone weighs heavily against the insurer because the fine print of the policy, where ambiguous, is construed in favor of the assured." Id. at 676. (Footnotes and indentations omitted.)

We find the reasoning in *Travelers Ins. Co.* persuasive and agree with the conclusion reached by the able trial judge, Perry Brannen, Jr., that "[i]n the case at hand it is ambiguous whether the exclusion for carriage of persons 'for a fee' covers only the situation where passengers pay an amount for their own transport or whether the exclusion also covers the situation where, as here, an employee is being paid by his employer to carry other employees and receives only an hourly rate plus mileage reimbursement. As the language of the exclusion is ambiguous, the policy must be construed so as to provide coverage." Thus, we affirm the judgment of the trial court granting summary judgment in favor of appellees and denying appellant's motion for summary judgment.

*Judgment affirmed. Carley, J., concurs. Deen, P. J., concurs in the judgment only.*

DECIDED APRIL 21, 1988 —
REHEARING DENIED MAY 10, 1988 — 

*Stanley M. Karsman, David Russell Smith*, for appellant.
*Thomas R. Herndon, Daryl J. Walker, Jack K. Berry, Jr.*, for appellees.