## 77396. LANE v. K-MART CORPORATION et al.
### (378 SE2d 136)

CARLEY, Chief Judge.

Appellant-plaintiff is a former employee of appellee-defendant K-Mart Corporation. When his employment was terminated, appellant brought suit against appellee K-Mart and three of its employees, appellee-defendants David Davis, Dale Scholes and Bruce Nilsson. In his complaint, appellant alleged that appellee K-Mart had breached his oral employment contract by discharging him; that appellees Davis, Scholes, and Nilsson had tortiously interfered with his contractual relationship with appellee K-Mart; and that appellees had intentionally caused emotional harm to him.

Appellees answered, denying the material allegations of the complaint, and filed a motion for summary judgment. The trial court conducted a hearing and granted appellees' motion. Subsequently, the trial court also awarded appellees' attorney's fees in the amount of $2,500 pursuant to OCGA § 9-15-14 (a) and (b). Appellant appeals from the trial court's grant of appellees' motions for summary judgment and from the award of attorney's fees.

1. Urging that a genuine issue of material fact remains as to the merits of his breach of contract claim, appellant enumerates the trial court's grant of summary judgment in favor of appellee K-Mart as error.

"[T]he record . . . clearly demonstrates that [appellant] had been hired by [appellee-K-Mart] for an indefinite term. See OCGA § 34-7-1. 'The term of [appellant's] employment was indefinite and therefore comes under the statutory rule that "(a)n indefinite hiring may be terminated at will by either party." [Cits.]' [Cits.]" *Taylor v. Amisub, Inc.*, 186 Ga. App. 834, 835 (1) (368 SE2d 791) (1988). "The rule in Georgia remains hard and fast that an employer is free to discharge an employee at will for any or no reason, and that the employer's motives in discharging such an employee are legally immaterial. [Cits.]" *Jacobs v. Ga.-Pacific Corp.*, 172 Ga. App. 319, 320 (323 SE2d 238) (1984). "[E]mployment for an indefinite period . . . is terminable at the will of either party, and a discharge in such circumstances affords no cause of action for breach of contract. [Cits.]" *Land v. Delta Air Lines*, 130 Ga. App. 231 (203 SE2d 316) (1973). See also *Meeks v. Pfizer, Inc.*, 166 Ga. App. 815 (305 SE2d 497) (1983).

The contention that appellee K-Mart's employment manual created an implied contract of employment is controlled adversely to appellant by *Burgess v. Decatur Fed. Savings &c. Assn.*, 178 Ga. App. 787 (345 SE2d 45) (1986). " 'We do not view [appellee K-Mart's] manual setting forth certain policies and information concerning employment with [appellee K-Mart] necessarily as a contract [cit.], and even if considered as a contract, it was clearly terminable at will be-

cause it failed to specify a period of employment. [Cit.]. . . Therefore, in the absence of a definite period of employment, the manual did not bestow upon [appellant] the status of permanent lifetime employee of [appellee K-Mart]. [Cit.] Employment was thus terminable at the will of either party. [Cit.]' [Cit.]" *Burgess v. Decatur Fed. Savings &c. Assn.*, supra at 788. "The fact that [appellant] had notice of certain [of appellee K-Mart's] policies and procedures regarding discipline and termination of employees which [he] alleges were not followed in [his] discharge would not give rise to an action for wrongful termination." *Garmon v. Health Group of Atlanta*, 183 Ga. App. 587, 589 (359 SE2d 450) (1987). See also *Swanson v. Lockheed Aircraft Corp.*, 181 Ga. App. 876, 882 (2) (354 SE2d 204) (1987). Accordingly, the trial court correctly granted appellee K-Mart's motion for summary judgment.

2. Appellant also enumerates error in the grant of summary judgment on his tortious interference claim as against his co-workers, appellees Davis, Scholes, and Nilsson.

In his complaint, appellant alleged that the conduct in which appellees Davis, Scholes, and Nilsson engaged was within the scope of their authority and in the course of their employment with appellee K-Mart. Under such circumstances, appellant would have no viable claim against his former co-employees, in their individual capacities, for the tortious interference with his contractual relationship. See *Henson v. American Family Corp.*, 171 Ga. App. 724, 729 (4) (321 SE2d 205) (1984); *Sacks v. McCrory*, 160 Ga. App. 430 (1) (287 SE2d 292) (1981). The trial court correctly granted summary judgment on appellant's tortious interference claim.

3. "There has been no allegation of any conduct by [appellees] which can be considered so humiliating, terrifying, or insulting as to give rise to a cause of action for intentional infliction of emotional stress. [Cit.] Accordingly, [appellees were] also entitled to summary judgment on this count of the complaint." *Life Chiropractic College v. Fuchs*, 176 Ga. App. 606, 609 (4) (337 SE2d 45) (1985). See also *Crowe v. J. C. Penney, Inc.*, 177 Ga. App. 586, 588 (1) (340 SE2d 192) (1986).

4. The undisputed evidence of record shows that no genuine issue of material fact remains as to any viable theory of recovery against appellees that is arguably raised by the allegations of appellant's complaint. Summary judgment was correctly granted in favor of all appellees as to all claims asserted by appellant.

5. The trial court's award of attorney's fees pursuant to OCGA § 9-15-14 (a) and (b) is enumerated as erroneous on two grounds.

Appellant first contends that the trial court based its award solely upon events and conduct which had no connection with this action, but which had occurred in connection with an earlier dis-

missed lawsuit brought by appellant against appellees. On its face, however, the order itself shows that the trial court expressly based its award of attorney's fees on the events and conduct which had taken place in connection with the instant case and that it regarded the circumstances surrounding the previous lawsuit as evincing only "additional, but not necessary, support for an award of attorney's fees. . . ." "The trial court awarded attorney fees and expenses of litigation on the basis of both OCGA § 9-15-14 (a) and (b). OCGA § 9-15-14 (a) provides for a mandatory award. The standard of review for this section is the 'any evidence' rule. OCGA § 9-15-14 (b) is discretionary and the standard of review is abuse of discretion. Under both standards the record supports the trial court's award." *Haggard v. Bd. of Regents of Univ. System*, 257 Ga. 524, 527 (4 c) (360 SE2d 566) (1987).

Appellant further urges that the evidence did not authorize an award of attorney's fees in the amount of $2,500. The hearing wherein the trial court heard evidence as to the amount of the attorney's fees was not transcribed. " '[T]he burden is on him who asserts error to show it affirmatively by the record.' Where there is no transcript of evidence before the court, we must assume that the evidence authorized the ruling below. [Cit.] Finding no error, we hold that appellant's enumeration is devoid of merit." *Favors v. State*, 173 Ga. App. 567 (1) (327 SE2d 543) (1985).

6. "The appellee[s'] motion for the imposition of a penalty for frivolous appeal under Court of Appeals Rule 26 is denied. Under the circumstances of this case, 'although the errors enumerated by appellant were without merit, we do not deem them to be frivolous.' [Cit.]" *Blalock v. Southern Ins. Co.*, 180 Ga. App. 319, 320 (349 SE2d 32) (1986).

*Judgments affirmed. Deen, P. J., concurs in Divisions 1, 2, 3, 4, 6, and in judgment. Sognier, J., concurs specially.*

SOGNIER, Judge, concurring specially.

I concur fully in Divisions 1 through 4 and 6 of the majority opinion. I write specially because I cannot agree with all that is said by the majority in Division 5 regarding the award of attorney fees.

The trial court based its award of attorney fees to appellees on both OCGA § 9-15-14 (a) and (b). Section (a) of that statute requires that attorney fees be awarded against a party who asserts a claim which lacks "any justiciable issue of law *or* fact" (emphasis supplied), modified by section (c)'s caveat that attorney fees not be awarded against a party asserting a claim (or defense) "in a good faith attempt to establish a new theory of law in Georgia if such new theory of law is based on some recognized precedential or persuasive authority." Because of the casting of the language of section (a) in the disjunctive

rather than the conjunctive, I read that section to allow attorney fees only when a claim has merit *neither* in fact nor in law. See generally *Smith v. State*, 15 Ga. App. 536, 538-539 (83 SE 886) (1914); *Ga. Paper Stock Co. v. State Tax Bd.*, 174 Ga. 816, 819 (164 SE 197) (1932). Because section (a) is tempered by section (c), I read the statute to mean that even if the law is otherwise in Georgia, if the claim stands supported by "some recognized precedential or persuasive authority," no attorney fees may be assessed against a proponent of change in the Georgia law merely for his or her good faith attempt to persuade our courts that the Georgia law should be changed. Such an attempt would not be a claim which lacks a justiciable issue of law, and should not be subject to the sanction of attorney fees under section (a) of the statute. In my view, that is precisely the situation in the case sub judice.

First, although recognizing the rule enunciated by the Georgia Supreme Court in *Haggard v. Bd. of Regents of Univ. System*, 257 Ga. 524, 527 4 (c) (360 SE2d 566) (1987), I do not agree with the majority's routine application of the "any evidence" standard here. It is not simply whether appellant's claim has factual merit that we are called upon to review, but whether it has some justiciable issue of law, and I have difficulty reviewing the merit of an attempt to change the law under an evidentiary standard. Second, we must bear in mind that appellant may not be penalized for trying to change the law in Georgia if he has supported his theory with "some recognized precedential or persuasive authority." Although I view the Georgia law regarding "at will" employment as salutary, and consequently support it, I value even more the right and heritage of our citizens to have free access to the courts to challenge rules of our common law. In fact, while abiding by them as I must, I question the wisdom underlying both OCGA § 9-15-14 (which the legislature must reexamine as it expires in July 1989) and the judicially created tort of "abusive litigation," see *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414) (1986), for the same reason.

Other jurisdictions have, in increasing numbers in recent years, carved out exceptions to the rule allowing no cause of action for the "at will" discharge of an employee hired for an indefinite term. See, e.g., *Weiner v. McGraw-Hill, Inc.*, 443 NE2d 441 (NY App.) (1982), in which that state's highest court held that a complaint which alleged that an employment handbook included an assurance that discharge would be for just cause only stated a cause of action for wrongful discharge, even though the law in New York had been otherwise for almost a century. See also cases collected at 12 ALR4th 544, Annotation: Modern Status of Rule That Employer May Discharge At-Will Employee For Any Reason. Because the decisions of other jurisdictions have certainly been considered "persuasive authority" by the

Georgia courts, see, e.g., *State Farm Fire &c. Co. v. Morgan*, 185 Ga. App. 377, 378-379 (364 SE2d 62) (1987), aff'd 258 Ga. 276 (368 SE2d 509) (1988); *First Ga. Ins. Co. v. Goodrum*, 187 Ga. App. 314, 315 (370 SE2d 162) (1988), I find no basis here for the award of attorney fees to appellees under OCGA § 9-15-14 (a). I note that the majority's failure to grant appellees' motion for a penalty for frivolous appeal appears to be based on this very same reasoning.

Nevertheless, I concur in the result achieved by the majority in Division 5 because I find evidence in the record of abuse by appellant of the discovery process, which supports the award of attorney fees to appellees pursuant to OCGA § 9-15-14 (b).

DECIDED JANUARY 12, 1989 —
REHEARING DENIED JANUARY 31, 1989 — 

*Douglas R. Padgett*, for appellant.
*John F. Wymer III, Kelly J. Koelker*, for appellees.