I respectfully dissent from the majority's opinion and I agree with Judge Montiel's comments in his special writing as to issue I. In so doing, I adhere to the reasons set forth inJackson v. State, 640 So.2d 1025 (Ala.Cr.App. 1992), wherein the trial court set out specific guidelines to be followed by a designated court official for completing certain administrative or preliminary matters. Where the designated official is using the same guidelines to excuse jurors that the trial judge would have used, it may not be reversible error to allow the task of excusing potential jurors to be designated; reversible error implying that the fairness of the entire proceedings has been impugned. See § 12-16-145, Code of Alabama 1975 (cited by the majority and stating that a court official designated by the circuit court may undertake the duty of excusing potential jurors.[2]) Although the majority seems to read into § 12-16-145
some formal procedure whereby the official is designated by the trial judge, the clear language of the statute does not set out any such procedure.
Moreover, the language quoted by the majority from State v.McCaw, 668 S.W.2d 603, 604 (Mo.App. 1984), states: "The officers charged with this duty must at least substantially
comply with the procedure prescribed." This "substantial compliance" language apparently takes into account a harmless error type analysis. Also, the majority cites State v. Clift,202 Kan. 512, 449 P.2d 1006 (1969), where the Kansas Supreme Court applied a harmless error analysis to this error and concluded that, in that case, the error was harmless.
The majority also cites Green v. State, 23 Md. App. 680,329 A.2d 731 (1975) in support of its argument. However, the issue raised by the appellant in that case was whether reversible error occurred because "he was not present when the twelve members of the jury who tried him were selected. . . ." Id.
329 A.2d at 734. The record in that case did not mention the selection of the jury, but the transcript stated:
 " '(The jury panel had previously been called over by the Clerk of the Court and all were present. Counsel, by stipulation, had selected the jurors they desired to try the case, and the said selected panel of jurors were called to their places in the jury box.)' "
Id. at 733. The ultimate discussion and holding of the Court of Special Appeals of Maryland was as follows:
 "Whether the jury was, in fact, selected in the Clerk's office at some time prior to 19 November, and, if it was, how it was selected, and whether a judge and Green were present, cannot be ascertained from the record before us. In our consideration of an appeal, we must, of course, stay within the record. The record here is not adequate for a determination of the issue presented. Nor can we say, on the state of the record, that if Green was not present when the jury was selected, that he *Page 1021 
waived his presence. In the light of the little we know about what actually occurred, we would be loathe to hold, in the circumstances existent, that Green waived a right he may have had to be present when the jury was selected merely by answering in the affirmative the court's question whether he was satisfied to have the jury he found in the box try the charge against him. All things considered, we believe that the resolution of the contention as it reaches us here is best left to post conviction procedures, under which there may be a plenary hearing to ascertain exactly what occurred. We observe, however, that we have serious doubt of the propriety of selecting a jury in the Clerk's office out of the presence of the defendant."
Id., at 734 (emphasis added to designate the phrase quoted by the majority). Thus, Green does not stand for the proposition cited by the majority, and the phrase quoted in the majority opinion has been taken out of context.
In Joyner v. State, 251 Ga. 84, 303 S.E.2d 106 (1983), also cited by the majority in support of its argument, five of the potential jurors who were excused were excused by the sheriff, who was also the prosecuting officer. Such a procedure is clearly improper and distinguishable from a situation, such as that in Jackson, where the trial court's agent, pursuant to a list of proper excuses, allows certain potential jurors to be excused. In fact, the Georgia Supreme Court clearly hinged its decision on the impropriety of the sheriff's action, stating:
 "[Defendant] contends that the effect of these occurrences was to accord to the prosecution more than the ten peremptory strikes provided by OCGA § 15-12-165 (Code.Ann. § 59-80), as the sheriff was listed on the indictment as the prosecuting officer, and in this case assisted the district attorney in the selection of trial jurors.
". . . .
 "In rejecting the attack upon the array in Franklin [v. State, 245 Ga. 141, 263 S.E.2d 666
(1980)], we held: 'We do not find here such disregard of the essential and substantial provisions of the statute as would vitiate the arrays. . . . The case relied upon by Franklin involved the integrity of the jury selection process, not (as here) the incidental procedures.' 245 Ga. at 147, 263 S.E.2d 666.
 "This case crosses the line drawn in Franklin: 'Obviously, however, a disregard of the essential and substantial provisions of the statute will have the effect of vitiating the array.' 245 Ga. at 146, 263 S.E.2d 666. The excusal of five prospective jurors by the sheriff, as the chief law enforcement officer in the county and as a direct participant in the trial, is a violation of the integrity of the jury selection process, and constitutes an alteration of the array of traverse jurors to such extent as to deprive this defendant of her proportional share of peremptory strikes under OCGA § 15-12-165 (Code.Ann. § 59-805)."
Id. 303 S.E.2d at 107.
In Russaw v. State, 572 So.2d 1288, 1293-94 (Ala.Cr.App. 1990), this Court held that a trial court's delegation to a circuit clerk of the task of striking jurors for a defendant did not amount to plain error, despite the language of §12-16-100, Code of Alabama 1975. In this case, we are not addressing the critical stage of striking a jury, but rather we are addressing the excusing of jurors who asked to be excused for a specific reason, and the reason meets the criteria established by the trial court. To hold that such a delegation can never constitute harmless error is to cling to the technical strictures that often stand in the way of justice and judicial efficiency.
[2] It should be noted that in Jackson v. State, supra, at 1032, the trial court's secretary testified that she had been given a list of proper excuses and instructed that she was to excuse potential jurors pursuant to that list. The trial judge also stated that his secretary acted as his "right arm" and was "classified under Alabama law as a confidential employee."Jackson v. State, supra, at 1034.