**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS, P. J., and BOGGS, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**March 12, 2013**

# In the Court of Appeals of Georgia

A12A1999. PROGRESSIVE PREMIER INSURANCE COMPANY
OF ILLINOIS v. NEWELL et al.

BOGGS, Judge.

In this insurance coverage case, Progressive Premier Insurance Company of Illinois ("Progressive") appeals from the trial court's grant of summary judgment in favor of American Insurance Company and RoHoHo, Inc. d/b/a Papa John's Pizza ("Papa John's") as well as the denial of its motion for summary judgment in its favor. For the reasons explained below, we reverse.

"On appeal from the denial or grant of summary judgment, [the appellate court] must conduct a de novo review of the evidence to determine whether there exists a genuine issue of material fact, and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law."

(Citation omitted.) *Northwest Carpets v. First Nat. Bank*, 280 Ga. 535, 538 (1) (630 SE2d 407) (2006). So viewed, the record shows that Progressive issued an automobile insurance policy to Philip Newell with limits of $25,000 per person and $50,000 per accident for bodily injury liability and $25,000 per accident for property damage liability. This policy contained the following exclusion:

> Coverage under this Part I [Liability to Others], including our duty to defend, will not apply to any insured person for . . . bodily injury or property damage arising out of the ownership, maintenance, or use of any vehicle or trailer while being used to carry persons or property for compensation or a fee. This exclusion does not apply to shared-expense car pools.

On March 7, 2008, Newell was driving his Jeep Cherokee when he collided with a car occupied by Michael and Kaitlin Lepper. At the time of the accident, Newell was delivering a pizza for his employer, Papa John's. The record shows that Papa John's paid Newell $4.00 per hour when he was making deliveries and $7.25 an hour when he was working inside the store. Newell would also keep any tips he received from customers. Generally, if Newell was not delivering pizza, he would have been working inside the store. Papa John's also paid Newell $1.20 "per house" for deliveries. A Papa John's representative testified that the purpose of this payment

2

was "to cover their gas and wear and tear on their vehicle." In its brief, Papa John's asserts that the "per house payment was not some random fee that was disproportionate to the actual expenses incurred by the driver. Rather, this amount was generated by a computer program that addressed delivery mileage and other factors in setting the reimbursement." But this assertion does not reflect the testimony of a Papa John's representative, who testified that large arbitrary mileage numbers were plugged into the computer to ensure that the computer paid each driver $1.20 per delivery.

After the Leppers filed a personal injury action against Newell and Papa John's, Progressive filed a declaratory judgment action against Newell, Papa John's, the Leppers, Nationwide Insurance Company,[1] and American Insurance Company ("American")[2] seeking a declaration that it had no duty to provide coverage or a defense under its policy. Papa John's and American asserted a counterclaim seeking coverage and a defense for Papa John's, in addition to a declaration that Progressive's

---

[1] Nationwide issued an uninsured motorist insurance policy to the Leppers.

[2] American Insurance Company admitted that it issued a commercial liability policy to Papa John's covering Newell's accident with policy limits equal to or greater than the policy issued to Newell by Progressive. Progressive provided a defense to Newell in the Leppers' action, while American defended Papa John's.

3

policy was primary. Progressive filed a motion for summary judgment and Papa John's and American filed a cross-motion for summary judgment with regard to the exclusion in Progressive's policy. The trial court concluded that the policy language was ambiguous and therefore construed it in favor of coverage. It also concluded that Newell's Progressive policy was "primary to all other coverage" and denied Progressive's motion and granted summary judgment in favor of Papa John's and American.[3]

On appeal, the parties point to cases from other jurisdictions addressing similar exclusions in the context of pizza delivery, in addition to a non-binding Georgia decision addressing different facts. Progressive asserts that its exclusion language ("carry . . . property for compensation or a fee") is broader than the language at issue in the cases relied upon by Papa John's and American ("carry property for a fee"). It also asserts that the $1.20 per delivery payment to Newell unequivocally triggers application of its exclusion.

Based upon our review of relevant cases from other jurisdictions, it appears a majority have concluded that the "for a fee" language is ambiguous and must

[3] Progressive represents on appeal that Newell, the Leppers, and Nationwide Insurance "have resolved their claims and are not expected to take an active role in this litigation." None of these parties filed a brief in this court.

4

therefore be construed in favor of the insured. See *Prudential Property & Cas. Ins. Co. v. Sartno*, 588 Pa. 205 (903 A2d 1170) (2006); *United States Fidelity & Guaranty. Co. v. Lightning Rod Mut. Ins. Co.*, 80 Ohio St. 3d 584, 586 (687 NE2d 717) (1997); *Progressive Cas. Ins. Co. v. Metcalf*, 501 NW2d 690, 692 (Minn. App.1993); *RPM Pizza v. Automotive Cas. Ins. Co.*, 601 So.2d 1366, 1368-1369 (La. 1992); *Pizza Hut of America v. West Gen. Ins. Co.*, 36 Ark. App. 16, 21 (816 SW2d 638) (1991). Compare *Dhillon v. General Accident Ins. Co*, Case No. C14-90-00714, 1991 Tex. App. LEXIS 891 (Tex. App. April 11, 1991); *Krauss v. DeRocili*, Case No. 86C-NO-60, 1988 Del. Super. LEXIS 276 (Del. Super. August 2, 1988). The explanation of the ambiguity varies somewhat from jurisdiction to jurisdiction. For example, "the meaning of 'fee' may be construed narrowly to encompass only specific contracts of carriage such as when a person makes a definite payment to another to carry a specific piece of property. . . . On the other hand, the meaning sometimes might contemplate that a 'fee' could be compensation for labor." *RPM Pizza*, supra, 601 So.2d at 1368. See also *Metcalf*, supra, 501 NW2d at 692.

The Pennsylvania Supreme Court found the "for a fee" language ambiguous because

5

there are at least two perspectives that are reasonable: (1) using a broad interpretation, [the driver] did carry property for a fee because his deliveries occurred during the course of his employment, for which he received wages; or (2) under a narrower interpretation, [the driver] did not carry property for a fee because there was no delivery charge.

*Sartno*, supra, 903 A.2d at 1177.

The Ohio Court of Appeals also concluded that the "for a fee" language can be read in two ways: "[F]irst, as excluding from coverage use of a vehicle to transport property when there is *any* kind of payment to the insured, and second, as excluding coverage only when a fee is paid *specifically for* the particular act of transporting property." (Emphasis in original.) *Lightning Rod*, supra, 687 NE2d at 719. In a special concurrence, Judge Cook noted

Although the decisions that find the "for a fee" exclusions ineffective to deny coverage typically on their faces narrowly rely on an "ambiguity" analysis focusing on the word "fee," many of the decisions, often without directly so stating, appear to be influenced by the practical implications that would accompany allowing the exclusion to operate.

Id. at 720. The Pennsylvania Supreme Court agreed, listing examples of the "many potentially absurd results that could arise with a contrary holding." *Sartno*, supra, 903 A.2d at 1178.

6

Coverage would be excluded for anyone carrying persons or property during the course of their employment, and Appellants describe the following examples: (1) an attorney taking a motion to the courthouse; (2) judges bringing briefs from the courthouse to their offices; (3) employees driving co-workers to seminars; and (4) teachers carrying exams home to grade.

(Footnote omitted.) Id.

In a case not involving pizza delivery, this Court concluded that a "for a fee" policy exclusion was ambiguous in the context of a Salvation Army employee driving kettle workers to and from their job sites. The employee received an hourly wage and 20 cents per mile reimbursement for gasoline and wear and tear on her automobile. *First Georgia Ins. Co. v. Goodrum*, 187 Ga. App. 314, 316 (370 SE2d 162) (1988) (physical precedent only). We reasoned that

in the case at hand it is ambiguous whether the exclusion for carriage of persons "for a fee" covers only the situation where passengers pay an amount for their own transport or whether the exclusion also covers the situation where, as here, an employee is being paid by his employer to carry other employees and receives only an hourly rate plus mileage reimbursement.

(Punctuation omitted.) Id.

7

The policy exclusion now before us, however, applies to property carried "*for compensation* or a fee." (Emphasis supplied.) The few courts that have addressed this newer exclusion[4] in the context of pizza delivery[5] found the addition of the word "compensation" significant and concluded that the exclusion unambiguously applied to the particular facts of the case before them. See *Progressive Paloverde Ins. Co. v. Bishop*, Case No. 1:11-00290-TOP-DKL, 2012 U.S. Dist. LEXIS 87428 (S.D. Ind. June 25, 2012) (driver "appears" to have received a fee based upon payment of 50 cents per pizza and also received compensation based upon hourly wage); *Discover Property & Cas. Co. v. Progressive Cas.*, Case No. 96125, 2011 Ohio App. LEXIS

---

[4] We note that some of the exclusions at issue in these cases contained additional language following the use of the words "for compensation or a fee," but the court's analysis nonetheless turned on application of the word "compensation." See, e. g. *Bishop*, supra, 2012 U.S. Dist. LEXIS 87428 at *6 (exclusion for "bodily injury or property damage arising out of the . . . use of any vehicle . . . while being used to carry person or property for compensation or a fee, including, but not limited to pickup or delivery of . . . food").

[5] In a case not involving pizza delivery, one court noted "we see no real difference between the two phrases. Whether it is called 'compensation' or is called a 'fee,' the Supreme Court has instructed that the exclusion is not triggered unless the insured is being paid exclusively and specifically for carrying or delivering persons or property." *Progressive Max Ins. Co. v. Matta*, 2008 Ohio App. LEXIS 971 (Case No. 07 MA 30, decided March 11, 2008). A different Ohio appellate court, however, disagreed with the holding in *Matta*, see *Discover Property & Cas. Co. v. Progressive Cas.*, Case No. 96125, 2011 Ohio App. LEXIS 3236 (Ohio App. August 4, 2011)*,* and it has not been relied upon by other jurisdictions.

8

3236 (Ohio App. August 4, 2011) (exclusion applies if "payment to drivers in any form for the deliveries, not just a specific sum" because use of word "compensation" resolved ambiguity caused by use of word "fee"); *Progressive Cas. Ins. Co. v. Chalfant*, Case No. 1:-09-OCGA §-56, 2010 U. S. Dist. LEXIS 4955 at *11 (N.D. Ind. January 22, 2010) (delivery was insured's primary responsibility at Pizza Hut; separate payment for delivery not required); *Bristol West Ins. Co. v. Tzortinis*, Case No. 06-OCGA §-14158 at *14, 2007 U.S. Dist. LEXIS 80460 (E. D. Mich. October 31, 2007) (insured received "compensation" for delivery based upon hourly wage, $1.50 payment per delivery, and tips for deliveries).

In this case, it is undisputed that Newell was paid a different hourly wage while delivering pizzas and that he received a per delivery payment of $1.20.[6] Based upon these particular facts and circumstances, as well as the broader policy language of "for compensation or a fee," we conclude that the exclusion unambiguously applies to the accident at issue in Progressive's petition for declaratory judgment.[7] We note,

---

[6] While Papa John's and American assert that this payment was simply for mileage and wear and tear, as noted above, the record shows without dispute that the payment was made on a per delivery basis with no correlation to actual miles driven by Newell.

[7] We express no opinion on whether the exclusion at issue here would violate public policy to the extent of the compulsory insurance coverage required by Georgia

however, the potential for absurd results that could result from a broad application of our holding in this case to one involving a different factual scenario, such as those described in *Sartno*, supra. We therefore reiterate that our holding in this case should not be expanded beyond the particular facts and circumstances now before us.

Based upon our conclusion that the exclusion unambiguously applies in this case, we reverse the trial court's grant of summary judgment in favor of Papa John's and American and the denial of summary judgment in favor of Progressive.

*Judgment reversed. Doyle, P. J. and Andrews, P. J., concur.*

---

law. See *Woody v. Georgia Farm Bureau Mut. Ins. Co.*, 250 Ga. App. 454 (551 SE2d 837) (2001). The issue has not been raised or ruled upon in the trial court, and evidence in the record shows other insurance may be available.